■ In the Matter of BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Petitioner, v PUBLIC EMPLOYMENT RELATIONS BOARD OF THE STATE OF NEW YORK et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Public Employment Relations Board of the State of New York dated November 2, 1988, which (1) reversed the finding of an Administrative Law Judge dated March 24, 1988, that the petitioner Board of Education of the City School District of the City of New York had not committed improper labor practices in violation of Civil Service Law § 209-a (1) (a) and (c) in failing to promote the respondents Stanley Granat, Michael Mackey, Robert Sabasowitz, James Pielli, and Roy Varela to the position of Associate Staff Analyst, and (2) rescinded the appointments of persons appointed to the position of Associate Staff Analyst pending a de novo review of all candidates for the positions in question.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, and the counterclaim of the respondent New York State Public Employment Relations Board for enforcement of the determination is granted and the petitioner is directed to comply with the determination dated November 2, 1988, with one bill of costs to the respondents appearing separately and filing separate briefs.

In 1986, 19 candidates were considered by the Board of Education of the City School District of the City of New York (hereinafter District) for appointment to the position of Associate Staff Analyst (hereinafter ASA). Of the 19 candidates, 14

were appointed. Of the five individuals who were not appointed, the respondents Stanley Granat, Michael Mackey and Robert Sabasowitz were members of the Organization of Staff Analysts (hereinafter OSA), a bargaining unit representing nonmanagerial and nonconfidential employees of the District in the position of Staff Analyst (hereinafter SA) and ASA. The respondents James Pielli and Roy Varela were employed by the District in comparable titles described as nonmanagerial and nonconfidential. The latter two employees were not represented by OSA.

In October of 1986 OSA filed an improper practice charge with the Public Employment Relations Board of the State of New York (hereinafter PERB) which alleged that the District failed to consider Granat, Sabasowitz and Mackey on the basis of their representation by OSA. After a hearing, the record was reopened on the ground of newly discovered evidence, consisting of a memorandum by Penny Mencher, the Director of Classification within the District's Office of Support Services, dated May 15, 1985, which stated that it was her understanding that the then-existing policy of the District was that an ASA position could only be established when the work to be performed was managerial or confidential in nature. At the hearing, Mencher had testified that the managerial/confidential status of an employee was not a relevant consideration in appointing that individual from the eligible list. On March 24, 1988, an Administrative Law Judge, crediting Mencher's testimony, found that the District had not committed any improprieties in its appointment procedure and dismissed the charge by OSA in its entirety.

On November 2, 1988, PERB, discrediting Mencher's testimony, reversed the decision of the Administrative Law Judge, concluding that the District improperly "utilized, as a prerequisite for consideration of candidates for promotion to the position of ASA, their managerial/confidential status and their concomitant exclusion from the bargaining unit". PERB ordered a de novo review of all 19 candidates, finding that the record did not support a determination that the OSA members would have been appointed but for their unit status.

"This being a judicial review of a determination rendered by an administrative body after a hearing, 'the issue presented for the court's consideration is limited to whether that determination is supported by substantial evidence upon the entire record' (Matter of Purdy v Kreisberg, 47 NY2d 354, 358)" (Matter of County of Nassau v State of New York Pub. Employment Relations Bd., 103 AD2d 274, 277).

We find that there was substantial evidence to support a finding that the District improperly excluded the five named respondents from consideration for appointment to ASA titles.

In reaching its determination, PERB considered the Mencher memorandum of May 1985, which stated that the title of ASA "can only be established where there is a clear indication that the work performed will be managerial and/or confidential in nature". It also considered a 1986 request by Edward Sermier, Chief Administrator of the Division of Special Education, to have a confidential employee appointed to ASA. PERB correctly found that Mencher's memorandum rendered her testimony incredible. Although the memorandum was written with respect to the denial of the appointment to an ASA title of a person who is not a party to this proceeding, the document clearly indicates that as of May 1985 the District would only appoint to ASA titles those who would be working in a managerial/confidential category. PERB correctly determined that Sermier's memorandum showed that this policy continued into 1986. The Mencher and Sermier memoranda cogently illustrate the District's policy of not appointing any person to an ASA position unless that person was already, and would remain after promotion, outside the OSA-represented bargaining unit and in a managerial/confidential position. The policy harms unit and nonunit employees alike. By suggesting, via its promotional policy, that employees are unlikely to be considered for promotion unless they are members of a managerial/confidential group not represented by OSA, the District issued a powerful inducement to employees to refrain from actual or potential organizational activity.

The Administrative Law Judge properly reopened the record to admit Mencher's memorandum as newly discovered evidence. Since the District did not raise the claim before the Administrative Law Judge that the memorandum was not newly discovered, that issue may not now be reviewed by this court (see, Matter of Klapak v Blum, 65 NY2d 670, 672). In any event, the memorandum was properly admitted because it was not obtainable before the close of the hearing and because its admission "would *probably* have produced a different result" since it contradicted Mencher's testimony at the hearing (Matter of Adjunct Faculty Assn. [County of Nassau], 18 PERB ¶ 3076, at 3164 [emphasis provided]; see also, Matter of Evans v Monaghan, 306 NY 312, 326).

The District's argument that PERB acted incorrectly and without authority in rescinding 14 appointments pending a de

novo review of the candidates on the eligible list, without regard to their managerial/confidential or unit status, is without merit (see, Matter of County of Suffolk [Suffolk County Corrections Officers Assn.], 20 PERB ¶ 3009). Since the evidence did not establish that the respondents would have been promoted but for their managerial/confidential or unit status, we find that this de novo review is the most appropriate remedy under the circumstances (Matter of County of Suffolk [Suffolk County Corrections Officers Assn.], supra, at 3018). Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.