■ In the Matter of WAPPINGERS CENTRAL SCHOOL DISTRICT, Respondent, v PUBLIC EMPLOYMENT RELATIONS BOARD OF THE STATE OF NEW YORK et al., Appellants. [627 NYS2d 701] —In a proceeding pursuant to CPLR article 78 to review a determination of the Public Employment Relations Board of the State of New York dated February 24, 1993, which, inter alia, ordered the petitioner to enter into certain negotiations with the Wappingers Federation of Transit, Custodial and Maintenance Workers, the Public Employment Relations Board of the State of New York appeals, and the Wappingers Federation of Transit, Custodial and Maintenance Workers separately appeals, from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated November 4, 1993, which granted the petition and vacated the determination of the Public Employment Relations Board of the State of New York.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment is vacated (see, Matter of Scorpio Car Serv. v New York City Taxi & Limousine Commn., 171 AD2d 872); and it is further,

Adjudged that the petition is granted, on the law, without costs or disbursements, and the determination is annulled.

On September 30, 1991, the petitioner, Wappingers Central School District, directed that each of its employees complete a daily time sheet. The respondent Wappingers Federation of Transit, Custodial and Maintenance Workers (hereinafter the union), then filed an improper practice charge with the respondent Public Employment Relations Board of the State of

New York (hereinafter PERB). PERB ordered the petitioner, *inter alia,* to negotiate the impact of the daily time sheet rule with the union. The petitioner then brought this proceeding to review the determination by PERB.

The Supreme Court granted the petition and annulled the determination by PERB on the ground that PERB's "ruling was on an issue which was * * * moot". We disagree with the Supreme Court's conclusion. The issue of the impact of the petitioner's alleged unilateral change in the work rules of its employees, i.e., the daily time sheet rule, was not rendered moot by the School District's subsequent rescission of the rule pertaining to the time sheets and the creation of a different time sheet. Indeed, contrary to the School District's contention, the experience of past adverse impact, if such impact in fact occurred, was not obviated by the School District's subsequent change in policy.

In light of the foregoing conclusion, the Appellate Division must in the first instance adjudicate whether PERB's determination is supported by substantial evidence upon the entire record *(see,* CPLR 7803 [4]; 7804 [g]; *Matter of Purdy v Kreisberg,* 47 NY2d 354, 358). We conclude that there is not substantial evidence in the record to support PERB's conclusion that (1) the School District refused to bargain with the Wappingers Federation of Transit, Custodial and Maintenance Workers on the issue of the impact of the "Daily Time Sheets", and (2) no impact negotiations were ever had or intended by the School District. The record is devoid of any indication that the School District refused to negotiate the impact of the "Daily Time Sheets". To the contrary, it is apparent from this record that the School District timely answered the Union's request to negotiate and the resultant meeting between officials of both the School District and the Union was intended by the School District to constitute its response to the Union's request to negotiate.

Since the petition raises a substantial evidence question, the Supreme Court erred in not transferring the proceeding to the Appellate Division *(see,* CPLR 7804 [g]; 7803 [4]; *Matter of O'Donnell v Rozzi,* 99 AD2d 494). However, since the record is now before us, this Court will treat the proceeding as if it had been properly transferred here *(see, Matter of Reape v Gunn,* 154 AD2d 682; *Matter of Ram v Board of Health,* 215 AD2d 564). Bracken, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.