■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Petitioner, v STATE OF NEW YORK, PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent. TRANSIT SUPERVISORS ORGANIZATION, Intervenor. [648 NYS2d 463] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, State of New York, Public Employment Relations Board, dated October 26, 1994, which adopted the decision of the Director of the Public Employment Relations Board, made after a hearing, finding that the intervenor, Transit Supervisors Organization, was not precluded from becoming the exclusive bargaining unit of certain unrepresented employees of the petitioner, New York City Transit Authority.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The intervenor, Transit Supervisors Organization (hereinafter TSO), serves as the collective bargaining representative for certain employees of the petitioner New York City Transit Authority (hereinafter NYCTA). In connection with two prior collective bargaining agreements covering the periods between June 1, 1985, through May 31, 1988, and June 1, 1988, through May 31, 1991, respectively, TSO and the NYCTA entered into a side letter agreement pursuant to which TSO agreed not to seek representation rights for certain enumerated NYCTA employees.

In September 1992, following the expiration of the above collective bargaining agreements, TSO filed a petition with the respondent, State of New York, Public Employment Relations Board (hereinafter PERB), seeking certification as the collective bargaining representative of certain unrepresented NYCTA employees in the title of Station Supervisor at assignment level II (hereinafter SSII). The NYCTA opposed the petition arguing that the side letter agreement precluded TSO from seeking to represent SSII employees. PERB rejected this argument and concluded that the waiver contained within the side letter agreement pursuant to which TSO agreed not to seek additional representation rights for enumerated NYCTA

employees was effective only for the duration of the past collective bargaining agreements to which the side letter agreement corresponded. We agree.

Contrary to the NYCTA's contentions, TSO was not precluded by Civil Service Law § 209-a (1) (e) from seeking to represent SSII employees as the provisions thereof apply only to "a public employer or its agents" who may not refuse to continue all the terms of an expired agreement until a new agreement is negotiated. This provision has no application to TSO, which is not a public employer or an agent thereof, and the NYCTA has failed to advance any authority requiring TSO to continue the terms of the side letter agreement. Accordingly, the determination of PERB that TSO's obligations under the side letter expired along with the corresponding collective bargaining agreements is supported by substantial evidence (*see, Matter of Wappingers Cent. School Dist. v Public Empl. Relations Bd.*, 215 AD2d 669; *Matter of Board of Educ. v Public Empl. Relations Bd.*, 166 AD2d 587). Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.