■ SOPHY P.-Q. HAYNES, Appellant, v ROBERT B. HAYNES, Respondent. [796 NYS2d 352]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about February 18, 2004, which denied plaintiff's motion to hold defendant in contempt, and denied her requests for a money judgment and attorneys' fees, unanimously affirmed, without costs.

While plaintiff had standing to seek enforcement of the provision in the so-ordered stipulation incorporated in the parties' divorce judgment obligating defendant to pay his share of the cost of the institutional care of their disabled adult son, the issue of enforcement is moot, because, as of the return date of the motion, defendant's indebtedness was completely satisfied.

The request to hold defendant in contempt was premature. Plaintiff failed to exhaust all other available remedies (*cf. Rozzo v Rozzo*, 274 AD2d 53, 56 [2000]) and there was no showing that such remedies would be ineffectual (*cf. Farkas v Farkas*, 209 AD2d 316 [1994]), particularly since defendant's payments to the institution were merely late and there was no showing of willful disobedience (*see e.g. Klein v Klein*, 53 AD2d 579, 580 [1976], *appeal dismissed* 40 NY2d 582 [1976]). Concur—Mazzarelli, J.P., Marlow, Sullivan, Ellerin and Catterson, JJ.