Estes v Bradley (2018 NY Slip Op 08468)





Estes v Bradley


2018 NY Slip Op 08468


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-07279
 (Index No. 21103/09)

[*1]Gary Estes, respondent,
v
Bernadette Bradley, appellant.


Law Offices of Russell I. Marnell, P.C., East Meadow, NY, for appellant.
Richard A. Kraslow, P.C., Melville, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Suffolk County (Carol Mackenzie, J.), dated May 26, 2016. The order, insofar as appealed from, denied, as academic, that branch of the defendant's motion which was to hold the plaintiff in contempt for failing to comply with an order of the same court (John C. Bivona, J.) dated April 18, 2013, and granted, without a hearing, that branch of the defendant's motion which was for an award of an attorney's fee only to the extent of awarding her the sum of $10,000.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
In June 2009, the plaintiff commenced this action, inter alia, for a divorce. In an order dated April 18, 2013, the Supreme Court directed the plaintiff to immediately provide the defendant with health insurance coverage equivalent to the coverage provided to the plaintiff by his employer. Pursuant to a stipulation of settlement dated April 29, 2015, which was so-ordered by the court on July 30, 2015, each party would obtain his or her own health insurance, at his or her own expense, after the judgment of divorce was entered.
In January 2016, the defendant moved, inter alia, to hold the plaintiff in contempt for failing to comply with the order dated April 18, 2013, and for an award of an attorney's fee. The Supreme Court denied, as academic, that branch of her motion which was to hold the plaintiff in contempt, noting that the judgment of divorce was entered while the defendant's motion was pending. Further, the court granted that branch of the defendant's motion which was for an award of an attorney's fee to the extent of awarding her the sum of $10,000. The defendant appeals.
Upon entry of the judgment of divorce, the plaintiff was no longer required to provide the defendant with health insurance coverage, rendering the defendant's request for coverage academic (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; Haynes v Haynes, 19 AD3d 153; Aranjuez v Saulon, 304 AD2d 779). However, the defendant's request for an adjudication of contempt as to the plaintiff's obligation to provide her with health insurance coverage during the pendency of this action was not rendered academic (see Matter of Wappingers Cent. School Dist. [*2]v Public Empl. Relations Bd. of State of N.Y., 215 AD2d 669, 670). Accordingly, the Supreme Court should not have denied, as academic, that branch of the defendant's motion. As factual issues are presented, we remit the matter to the Supreme Court, Suffolk County, for a determination of that branch of the defendant's motion on the merits (see Mollah v Mollah, 136 AD3d 992; El-Dehdan v El-Dehdan, 114 AD3d 4, 17, affd 26 NY3d 19).
Moreover, although the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was for an award of an attorney's fee (see Domestic Relations Law § 237[a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881), we agree with the defendant that the court improvidently exercised its discretion in awarding her the sum of only $10,000. It is evident from the record that the sum of $10,000 as an attorney's fee for all the services rendered in this case is inadequate. However, under the circumstances of this case, a hearing is necessary to determine the amount of a reasonable attorney's fee to which the defendant is entitled, in a sum to exceed $10,000.
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court