In the Matter of GEORGE P. HOLMES et al., Petitioners, against CITIZEN'S PROTECTIVE PARTY et al., Respondents.

Supreme Court, Special Term, Rensselaer County, March 10, 1949.

*Louis P. Francello* for petitioners.

*Daniel N. Lamb* for Franklin P. Clum and others, respondents.

*Morris Rosenblum* for the Village Clerk and others.

TAYLOR, J. The petitioners seek to have declared invalid a petition purporting to nominate Franklin P. Clum to the office of mayor, and Christy Huberts, Frank Tongue and William F. Kelly to the office of village trustees of the Village of Saugerties, New York, on the ground that it fails to comply with the provisions and requirements of section 137 of the Election Law.

The village clerk, mayor and the members of the village board of trustees have appeared specially herein and have raised the question of the jurisdiction of the court in this proceeding upon the ground that the village clerk, with whom an independent nominating petition is required to be filed (Election Law, § 141), is a necessary party to the proceeding and has not been made such.

The order instituting the proceeding directed the mayor and the trustees of the village, together with four persons, some of whom are present officers of the village, and all of whom seek to be nominated in the independent nominating petition under review for offices in said village at the election appointed to be held on March 15th next, to show cause why the relief sought should not be granted. The order further provided for the service of copies of the petition upon which it was granted, and of the order, upon said four named persons who seek to be nominated for such offices by said petition, and also on the village clerk in the manner designated in the order to show cause. The affidavits of service submitted show such service upon the named persons and the village clerk pursuant thereto. In my opinion, the failure to name the village clerk in the petition or to direct him to show cause why the relief should not be granted does not invalidate the proceeding, particularly since he was served with a copy of the order to show cause and the petition upon which it was granted. (*Matter of Bewley,* 138 Misc. 108; *Matter of Barrett,* 121 Misc. 735.) He could be brought in as an additional party at any time under section 335 of the Election Law, but I deem such procedure unnecessary in this instance. His duties in respect to independent nominating petitions are ministerial only, i.e., to receive and file the independent nominating petition. He, " subject to the direction and control of the Trustees," is the custodian of the " books, records and papers of the Village ".

In view of the foregoing, I have decided to overrule the special appearances and to determine the matter on the merits.

The Village of Saugerties is a village of the second class and an independent nominating petition for candidates for village offices therein must be signed by at least seventy-five voters. (Election Law, § 137, subd. 4.) The petition under attack here contains the names of exactly seventy-five signers, the minimum required by the statute. It indicates that of the seventy-five signers, twenty thereof used their initials for their given names and in some instances also for their middle initials. The statute requires that the " full name " of the signer be used. (Election Law, § 135.) Failure so to sign has on many occasions been held to invalidate such a petition. (*Matter of Lyden* v. *Sullivan,* 269 App. Div. 942; *Matter of Hall* v. *Heffernan,* 185 Misc. 742; *Matter of Nunley* v. *Cohen,* 258 App. Div. 746; *Matter of Phillips* [*Hubbard*], 284 N. Y. 152; *Matter of Pavis* v. *Heffernan,* 185 Misc. 626, affd. 269 App. Div. 912; *Matter of Zelman,* 255 App. Div. 832.) Especially is this so where elimination of the

void signatures reduces the required number of signers below the statutory limit.

Subdivision 2 of section 137 of the Election Law provides in part that an independent nominating petition " shall be verified by the signers, or authenticated by witness " in the manner provided by section 135 of that law. The respondents who claim to have been nominated by that petition chose to use the latter alternative method and therefore were required to append at the bottom of each separate sheet of the petition an affidavit of a qualified witness substantially in the prescribed statutory form. The petition indicates that such was not done. There is an authentication of the three sheets used for signatures on the fourth sheet annexed thereto, but in no way appended to the separate sheets and such is not compliance.

In *Matter of McKague* v. *Pearsall* (277 N. Y. 333) the Court of Appeals, in construing section 137 of the Election Law, said " We are of the opinion that section 137 of the Election Law (Cons. Laws, ch. 17), read in connection with section 135, requires that when a nominating petition is authenticated by the affidavit of the witness before whom it was subscribed, such affidavit must be appended at the bottom of each sheet of the petition containing signatures of the electors."

Were the above deficiencies mere irregularities or formal defects I would disregard them. However, in view of the above decisions construing the statute in like situations it is apparent that the defects are substantial and fatal and the relief sought by the petitioners herein must be granted and the independent nominating petition under review here declared null and void.

An order may be presented to me for signature accordingly.