Thomas M. Stark, J.
The decision of October 29, 1969 is recalled and replaced by the full opinion which follows (cf. Matter of McNamara v. Barraud, decided Oct. 29, 1969 [N. Y. L. J., Nov. 13, 1969, p. 18, col. 1]).
By this petition pursuant to section 3-310 of the Village Law, petitioners seek to set aside the decision of the respondent *378 Supervisor of the Town of Brookhaven which held that the petition to incorporate complied with article 3 of the Village Law.
Á number of individuals have joined together and petitioned for the creation of a village to be known as Strathmore at Stony Brook pursuant to section 3-302 of the Village Law. The petitions and associated documents were received by the Supervisor who proceeded to give notice of and conduct the required hearing. (§ 3-306.) At the hearing, conducted on October 24, 1968, at the Holiday Inn, Centereach (within the area to be incorporated), the petitioners raised two types of objections. They claimed that the map attached to the petitions was improper in scale and, therefore, did not comply with the requirements of section 3-302 (subd. 1, par. c, subpar. [1]); they also made a broad allegation of unconstitutionality of the statute or its application in this instance on the grounds that the statute does not set up standards of contiguity of area, the area sought to be incorporated is gerrymandered, the area seeks to include an excessive amount of commercially or industrially zoned land, the area uses the name of but does not include all of Strathmore at Stony Brook.
The respondent Supervisor in conducting and determining the procedure to incorporate is limited to the functions required of him by sections 3-306 and 3-308. No argument of the petitioners comes, within the scope of the function .o* the Supervisor except the argument that the map is insufficient.
All parties concede that the scale of the map is set forth as one inch equals 500 feet whereas in fact the scale is one inch equals 1,000 feet. All parties further concede that affixed thereto is a full description by metes and bounds of ..the area sought to be incorporated. The petition for incorporation refers to “ a description of the territory proposed .to be incorporated ” which was annexed as Exhibit A and does not refer to the map. The Village Law (§ 3-302, subd. 1¿. par. c, sub-par. [!].)■ requires that the petition contain “a description of such territory sufficient to identify the location and extent of such territory with common certainty ” and permits the description to be made in any one of three ways or a combination of them. One way is “ a metes and bounds description another way is a map. Since the metes and bounds description, .standing alone would have been sufficient, the petition complies with the Village Law in that respect. No other challenge to the petition was made on any of the grounds set forth in subdivision 1 of section 3-306.
*379 The petitioners here further challenge the respondent on the ground he should have refused approval to the incorporation petition because the area lacked contiguity, was gerrymandered, contained excessive commercial and industrial areas, did not contain the whole of the community in the sociological sense, removed excessive tax base from the unincorporated area of the town, and deliberately left without its boundary property which was not subject to real estate tax but which -served the community (fire stations, schools, churches, etc.).
All of the arguments proposed may be meritorious legislative arguments in favor of imposing additional standards on the incorporation of villages. This court, however, may not exercise a legislative function. The court ‘ ‘ lacks power to impose new requirements or change requirements already imposed by the Legislature in the discharge of its legislative functions ” relating to the incorporation of villages. (Atlantic Beach Hotel v. Larkin, 25 Misc 2d 511, 513.) There is no constitutional right to the continued maintenance of the tax base or any municipal organization.
While ‘ ‘ Legislative control of municipalities, no less than other state power, lies within the scope of relevant limitations imposed by the United States Constitution ”, in the absence of certain invidious discriminations, a citizen has no rights in any existing municipal organization. Specifically as to those cases where it is claimed the State has no power to change the .identity of a municipality whereby citizens of a pre-existing municipality suffer serious economic disadvantage, ‘1 if one principle clearly emerges from the numerous decisions of this Court dealing with taxation it is that the Due Process Clause affords no immunity against mere inequalities in tax burdens, nor does it afford protection against their increase as an indirect consequence of a State’s exercise of its political powers ”. (Gomillion v. Lightfoot, 364 U. S. 339, 343-345.) (Cf. Hunter v. City of Pittsburgh, 207 U. S. 161.) There is, therefore, no statutory or common-law authority to support the contentions, of the petitioners here. The petition must, therefore, be denied.