■ In the Matter of INCORPORATION OF THE PROPOSED VILLAGE OF KASER. JOSEPH ALTMAN et al., Appellants-Respondents; GEORGE J. CONKLIN, JR., et al., Respondents-Appellants. —In a proceeding pursuant to CPLR article 78 to review a determination of the Supervisor of the Town of Ramapo which held the petition for the incorporation of the proposed Village of Kaser to be legally insufficient, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Marbach, J.), dated November 20, 1985, which dismissed the proceeding, and George D. Conklin, Sr., Selwyn Lempert, Stanley Hospel, Marvin Goldberg and Louise Lempert cross-appeal from so much of the same judgment as denied their jurisdictional objection to the special proceeding.

Cross appeal dismissed, without costs or disbursements (see, *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539).

Judgment affirmed, without costs or disbursements, without prejudice to a renewed application in the Supreme Court, Rockland County, by the petitioners to present their allegations of selective enforcement.

Under the circumstances of this case, expedient service on 400 individual objectors was proper (CPLR 308 [5]). Additionally, the map and written description of the boundaries of the petitioners' proposed Village of Kaser, which defined certain

boundaries in terms of tax lot lines, failed to comply with Village Law § 2-202 (1) (c) (1), which specifically states which formats are acceptable to define a proposed village's territory. However, since the petitioners have stated certain new facts which, if true, would support their allegation that the town is selectively enforcing Village Law § 2-202 (1) (c) (1), we affirm without prejudice to a motion for renewal in the Supreme Court, Rockland County. Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.