■ In the Matter of the INCORPORATION OF THE PROPOSED VILLAGE OF MONSEY. ISSAC FEIG et al., Appellants-Respondents; GEORGE J. CONKLIN, JR., as Supervisor, Respondent, and SELWYN LEMPERT et al., Respondents-Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Supervisor of the Town of Ramapo which held the

petition for the incorporation of the proposed Village of Monsey to be legally insufficient, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Nicolai, J.), dated January 2, 1986, which dismissed the proceeding, and Selwyn Lempert, Stanley Haspel, Marvin Goldberg and Louise Lempert cross-appeal from so much of the same judgment as denied their jurisdictional objection to the special proceeding.

Ordered that the cross appeal is dismissed without costs or disbursements *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

This court's decision in the companion case of *Matter of Village of Kaser* (123 AD2d 320) is dispositive of the contentions raised by all parties to this appeal and cross appeal. In *Kaser* we held that the description of certain boundaries in the proposed Village of Kaser, through the use of tax lot lines, "failed to comply with Village Law § 2-202 (1) (c) (1), which specifically states which formats are acceptable to define a proposed village's territory" *(Matter of Village of Kaser, supra,* at 321). Since at bar, the petitioners' map and description of the proposed Village of Monsey also employ tax lot lines to define certain boundaries, the Supreme Court properly concluded that the description failed to comply with the Village Law.

The petitioners have also alleged in their petition and supporting papers that the respondent Town of Ramapo has been selectively enforcing Village Law § 2-202 (1) (c) (1) in that other proposed villages—whose incorporators employed the same tax lot line boundary descriptions—were accepted for incorporation.

In *Kaser,* this court, while affirming the dismissal of the petition, indicated that its affirmance was without prejudice to a motion for renewal in the Supreme Court, Rockland County, with respect to the claim of selective enforcement. Such a motion, the petitioners advise, has now been made. A similar motion was made in this case subsequent to the entry of the judgment appealed from. From the decision of Justice Cowhey on the *Kaser* renewal application, it appears that in support of their motion to renew, the *Kaser* petitioners argued that this court's decision in *Kaser* represented a "determination that certain facts constitute selective enforcement" and that this "determination" is the "law of the case and binding" *(Matter of Village of Kaser,* Sup Ct, Rockland County, May 7, 1987,

Cowhey, J., at 9-10). The *Kaser* respondents argued to the contrary, contending that our decision provided no mandate or direction in respect to selective enforcement *(Matter of Village of Kaser, supra)*. Justice Cowhey correctly construed the intendment of our decision in *Kaser* when, in rejecting those petitioners' contentions, he concluded that "[a]t its most favorable aspect, petitioners were merely given an opportunity to move to renew the initial decision by Special Term on the basis of a claim of 'selective enforcement' " *(Matter of Village of Kaser, supra,* at 10).

Although the court properly concluded that our *Kaser* decision is not to be construed as a "predetermination" with respect to the selective enforcement claim, the court nevertheless granted both the *Kaser* petitioners and the petitioners in this case a limited hearing with regard to the allegations of selective enforcement *(Matter of Village of Kaser, supra,* at 14). Accordingly, there is no reason for this court on this appeal to remit this matter to the Supreme Court for further proceedings with respect to that issue. Moreover, we wish to make it clear that this court expresses no opinion as to whether the doctrine of selective enforcement is applicable to the case at bar, or whether, under that doctrine, a town can be compelled to accept for incorporation a proposed village whose boundary descriptions do not comply with the requirements of the Village Law.

Finally, we have considered the cross appellants' contention with respect to the propriety of the service of the petition and find them to be without merit *(see, Matter of Village of Kaser,* 123 AD2d 320, *supra)*. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.