■ In the Matter of JOSEPH LURIA et al., Respondents-Appellants, v GEORGE J. CONKLIN, JR., et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of George J. Conklin, Jr., the former Supervisor of the Town of Ramapo, dated December 5, 1986, which held the petition for the incorporation of the proposed Village of Viola Heights to be legally sufficient, George Conklin, Jr., Herbert Reisman and Marvin Goldberg appeal from a judgment of the Supreme Court, Rockland County (Edelstein, J.), dated April 24, 1986, which granted the petition, annulled the determination, and held that the petition for incorporation was insufficient. The appeal brings up for review so much of an order of the same court, dated May 22, 1986, as, upon reargument, adhered to the original determination (CPLR 5517 [b]), and the petitioners filed a notice of appeal from that order.

Ordered that the appeals by George J. Conklin, Jr., and Herbert Reisman, from the order dated April 24, 1986, are dismissed as abandoned; and it is further,

Ordered that the appeal from the order dated May 22, 1986 is dismissed as abandoned; and it is further,

Ordered that the appeal from the judgment dated April 24, 1986, is dismissed, as it was superseded by the order dated May 22, 1986 made upon reargument; and it is further,

Ordered that the order dated May 22, 1986 is affirmed insofar as reviewed; and it is further,

Ordered that the petitioners are awarded one bill of costs.

The petition for incorporation was legally insufficient in that it did not include a *complete* list of the regular inhabitants of the territory in accordance with the clear statutory mandate *(see,* Village Law § 2-202 [1] [c] [2]; *Matter of Village of Viola Hills [Lempert—Conklin],* 129 AD2d 579, *lv denied* 70 NY2d 602).

Moreover the former Supervisor of the Town of Ramapo was precluded from approving the petition because it consisted of territories which were part of other incorporation petitions then in the appellate process. The Supervisor should have waited until the appellate process was complete in order to avoid the possibly undesired result of one piece of property being part of two different incorporated villages in contravention of the statutory mandate *(see,* Village Law § 2-200 [1]; § 2-208 [3]). Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.