■ In the Matter of the Incorporation of the VILLAGE OF AIRMONT. MORDECHAI LEFKOWITZ, Respondent; HERBERT REISMAN, as Supervisor of the Town of Ramapo, et al., Appellants. —In a proceeding pursuant to CPLR article 78 to review a determination of Herbert Reisman, the Supervisor of the Town of Ramapo, dated April 6, 1987, which held the petition for the incorporation of the proposed Village of Airmont to be legally sufficient, the appeals are from (1) an order of the Supreme Court, Rockland County (Nicolai, J.), dated August 15, 1988, which reversed the determination and held the petition to be legally insufficient and (2) a judgment of the same court, entered November 5, 1987, upon the order.

Ordered that the appeal from the order is dismissed, without costs or disbursements, and it is further,

Ordered that the judgment is reversed, without costs or disbursements, the order is vacated, the determination is confirmed, the petition for the incorporation of the proposed Village of Airmont is held to be legally sufficient, and the proceeding is dismissed on the merits.

The appeal from the intermediate order must be dismissed as no appeal lies as of right from an order in a proceeding pursuant to CPLR article 78 (CPLR 5701 [b] [1]). In any event, the appeal from the intermediate order must be dismissed because any right of direct appeal therefrom terminated with the entry of judgment in the proceeding *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In February 1987 a petition for the incorporation of the

proposed Village of Airmont was duly filed in the Ramapo town hall. After a public hearing the Supervisor of the Town of Ramapo declared that the petition was legally sufficient. The instant proceeding was commenced to challenge this determination on the ground that the description of the proposed village contained in the petition did not satisfy the requirements of Village Law § 2-202 (1) (c) (1). The statute provides:

"c. Exhibits and certifications. Each copy of the petition shall have attached thereto prior to the signature pages:

"(1) A description of such territory sufficient to identify the location and extent of such territory with common certainty and which shall be in one of the following forms or a combination thereof: (a) a metes and bounds description; (b) a description made with reference to existing streets and navigable waters or a combination of same; or (c) a map showing existing streets and navigable waters or a combination of same forming boundaries or metes and bounds or the entire boundaries of one or more districts of an entire town".

The Supreme Court reversed the determination of the Supervisor, finding that two portions of the description did not comply with the statute in that they failed to describe the proposed village territory by metes and bounds, or "with reference to existing streets and navigable waters or a combination of same". Paragraph 4 of the description described one of the proposed boundaries as the "line of the incorporated Village of Montebello". Alternatively the same boundary was described by reference to tax lots. Paragraph 17 described another portion of the border as the "New York-New Jersey border". In reaching its conclusion the court relied on recent decisions by this court which have required strict compliance with the descriptive formats contained in Village Law § 2-202 (1) (c) (1) (a)-(c) (see, Matter of Incorporation of Proposed Vil. of Monsey, 133 AD2d 84; Matter of Incorporation of Proposed Vil. of Kaser, 123 AD2d 320; see also, Matter of Incorporation of Vil. of Viola Hills, 129 AD2d 579, lv denied 70 NY2d 602).

Although paragraph 4 of the description does not describe the boundary with reference to any of the particular forms specified in the statute a review of paragraphs 5 through 10 indicates that these sections describe the aforementioned boundary in terms of metes and bounds.

On its face, paragraph 17, which merely describes the boundary as the New York-New Jersey border, does not comport with the requirements of the statute. However a metes and bounds description of the New York-New Jersey

border is codified by statute in State Law, article 2, § 7. Because this description is readily ascertainable, it can be incorporated by reference into the description contained in the petition for incorporation. Since our review of the petition reveals that the proposed village territory was described according to the forms specified in the statute, the petition is legally sufficient. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.