■ In the Matter of MAYER SCHREIBER, Appellant, v JOY GORMAN, as Town Clerk of the Town of Ramapo, et al., Respondents.—In a proceeding pursuant to Village Law § 2-224 to determine the validity and regularity of an election concerning the proposed incorporation of the Village of Airmont, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Kelly, J.), dated July 19, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioner commenced this proceeding to determine the validity of an election held to decide the question of incorporation of the proposed Village of Airmont in the Town of Ramapo. The election was held on January 30, 1989, and resulted in the approval of the proposed incorporation by a vote of 1,632 to 601. The petitioner did not attempt to vote in the election and his name did not appear on the list of eligible voters.

We agree with the Supreme Court's conclusion that the petitioner does not have standing to maintain the instant proceeding. Village Law § 2-224 provides that "[a] person qualified to vote at such election may * * * institute a proceeding to determine the validity or regularity of such election". Inasmuch as the record is devoid of evidence indicating that the petitioner is a citizen of the United States (see, Election Law § 5-102 [1]), he has failed to demonstrate that he is "a person qualified to vote" within the meaning of Village Law § 2-224. Moreover, despite the fact that he was notified

that his name did not appear on the eligible voter list for the election and that he would not be permitted to vote unless he applied to the Town Clerk to have his name placed on the list, the petitioner concedes that he took no steps in this regard and did nothing to obtain permission to vote. Under these circumstances, he may not now seek review of the validity of the election.

Additionally, we note that the Town Clerk correctly compiled the list of qualified voters from the list of registered voters pursuant to Village Law § 2-218 (1). While she may have improperly declined to add names to the list when it was open for inspection three days prior to the election *(see,* Village Law § 2-218 [2]), she properly informed those who wanted their names added to the list that they could appear before Justice Weiner to apply to vote. In addition, she approved several applications to vote on the date of the election. The petitioner was not among the people who applied to vote. Therefore, the petitioner was not disenfranchised by any purported error. Furthermore, the petitioner has failed to make a showing sufficient to justify a reasonable belief that any irregularity herein could have affected the results of the election *(see, Matter of Beatty v Owens,* 57 NY2d 952; *Matter of De Martini v Power,* 27 NY2d 149; *Matter of Ippolito v Power,* 22 NY2d 594; *Matter of Belanger v Nolan,* 154 AD2d 413).

In any event, we discern no basis for invalidating the challenged election. In a prior proceeding challenging the petition for incorporation, this court, by decision and order dated November 14, 1988, reversed a judgment which held the petition for incorporation to be legally insufficient, and found the petition for incorporation to be legally sufficient *(Matter of Village of Airmont [Lefkowitz—Reisman],* 144 AD2d 465). The motion by the petitioner in that proceeding for leave to appeal to the Court of Appeals, which was not denied until January 17, 1989 *(Matter of Village of Airmont [Lefkowitz—Reisman],* 73 NY2d 704), did not mandate postponement of the election. The order of this court constituted a "final order sustaining the petition" for the purposes of Village Law § 2-212 (1) (b).

We have reviewed the petitioner's remaining contentions and find them to be either unpreserved for review or factually or legally without merit. Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.