■ In the Matter of CAROL K. ELEVITCH et al., Appellants-Respondents, v JOSEPH V. COLELLO, as Supervisor of the Town of Orangetown, et al., Respondents, and HELEN OSTROWSKI et al., Respondents-Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of Joseph V. Colello, the Supervisor of the Town of Orangetown, dated April 16, 1988, finding the petition for the incorporation of the proposed Village of Palisades to be legally insufficient, the petitioners appeal from (1) an order of the Supreme Court, Rockland County (Lange, J.), dated June 30, 1989, which denied the petition, and (2) a judgment of the same court, entered August 16, 1989, which dismissed the proceeding. Helen Ostrowski cross-appeals and Arthur J. Firestone purportedly cross-appeals from the judgment.

Ordered that the appeal from the order dated June 30, 1989, is dismissed, without costs or disbursements; and it is further,

Ordered that the cross appeal and the purported cross appeal are dismissed *(see, Parochial Bus Sys. v Board of Educ.,*

60 NY2d 539), without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because no appeal lies therefrom as of right and, in any event, it was superseded by the judgment.

The petition for incorporation was legally insufficient in that it did not include a "complete" list of the regular inhabitants of the territory in accordance with clear statutory mandate (see, Village Law § 2-202 [1] [c] [2]; *Matter of Luria v Conklin,* 139 AD2d 650; *Matter of Village of Viola Hills [Lempent—Conklin],* 129 AD2d 579).

We have considered the respondents-appellants' contentions that the incorporation petition was legally insufficient for two additional reasons: (1) that the description of the proposed village territory did not comply with the statute, and (2) that the proposed village territory was gerrymandered, and find both to be without merit (see, Village Law § 2-202 [1] [c] [1]; § 2-206; *Matter of Village of Airmont,* 144 AD2d 465; *Matter of Rose v Barraud,* 61 Misc 2d 377, *affd* 36 AD2d 1025). Bracken, J. P., Kooper, Miller and Ritter, JJ., concur.