■ In the Matter of STUART D. BAKER et al., Appellants, v PATRICK A. HEANEY et al., Respondents. [791 NYS2d 573]—

In a hybrid proceeding, inter alia, pursuant to CPLR article 78 to review a determination of Patrick A. Heaney, the Supervisor of the Town of Southampton, dated September 15, 2003, which, after a hearing, among other things, determined that the petition for the incorporation of the proposed Village of Dunehampton was legally insufficient and an action, inter alia, for a judgment declaring that the petition for incorporation was legally sufficient, the petitioners appeal, by permission, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated March 29, 2004, as denied the petition.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the petition for the incorporation of the proposed Village of Dunehampton is legally insufficient.

Past decisions of this Court have required strict compliance with the provisions of Village Law § 2-202 (1) (c) (*see Matter of Elevitch v Colello,* 168 AD2d 681, 682 [1990]; *Matter of Luria v Conklin,* 139 AD2d 650 [1988]; *Matter of Incorporation of Vil. of Viola Hills,* 129 AD2d 579, 580 [1987]; *see also Matter of Incorporation of Proposed Vil. of Monsey,* 133 AD2d 84, 85 [1987]; *Matter of Incorporation of Proposed Vil. of Kaser,* 123 AD2d 320 [1986]). The petition for incorporation was legally insufficient in that it did not include an accurate list of the regular inhabitants of the territory sought to be incorporated (*see* Village Law § 2-202 [1] [c] [2]). For instance, the list included the names of persons who maintained residences outside of the proposed village territory which they used for the purpose of voting and of persons who were deceased. Moreover, in light of these and other inaccuracies in the list, the record failed to substantiate the allegation of the petition for incorporation that the proposed village territory contains a population of at least 500 regular inhabitants (*see* Village Law § 2-200 [1]; § 2-202 [1] [b] [3]).

Contrary to the appellants' contention, the Town Supervisor properly considered certain written statements and sworn af-

fidavits which did not meet the statutory requirements for written objections (*see* Village Law § 2-206 [4]), since those same statements were also annexed as evidentiary material to admittedly-proper written objections.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the petition for the incorporation of the proposed Village of Dunehampton was legally insufficient (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The appellants' remaining contention does not require reversal. Luciano, J.P., Crane, Fisher and Lifson, JJ., concur.