■ In the Matter of JEFFREY BERKOWITZ et al., Appellants, v CHRISTOPHER P. ST. LAWRENCE, et al., Respondents. [800 NYS2d 197]—

In a proceeding pursuant to CPLR article 78 to review a determination of Christopher P. St. Lawrence, the Supervisor of the Town of Ramapo, dated May 30, 2003, which, after a hearing, determined that the petition for the incorporation of the proposed Village of Forshay Hills was legally insufficient, the appeal is from a judgment of the Supreme Court, Rockland County (Kelly, J.), dated February 11, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

At issue here is the validity of a petition for the incorporation of the Village of Forshay Hills in the Town of Ramapo. The Supervisor of the Town of Ramapo (hereinafter the Supervisor) determined that the petition was legally insufficient, inter alia, on the ground that the authenticating affidavit of the witness was not "set forth at the bottom" of the signature page, but, rather, appeared on a separate, succeeding sheet. The Supervisor correctly determined that the incorporation petition failed to comply with the requirements of article 2 of the Village Law (*see* Village Law § 2-202 [1] [e] [4]; *Matter of McKague v Pearsall*, 277 NY 333 [1938]; *Matter of Valone*, 257 AD 603 [1939]; *Matter of Ransburg v Putterman*, 35 Misc 2d 653 [1962]; *Matter of Holmes*, 194 Misc 866 [1949]; *cf. Matter of Bay v Santoianni*, 264 AD2d 488 [1999]; *Matter of Morabito v Campbell*, 59 AD2d 703 [1977]). Since strict compliance with the statutory provisions is required (*see Matter of Baker v Heaney*, 15 AD3d 577 [2005]; *Matter of Elevitch v Colello*, 168 AD2d 681, 682 [1990]; *Matter of Luria v Conklin*, 139 AD2d 650 [1988]; *Matter of Incorporation of Vil. of Viola Hills*, 129 AD2d 579, 580 [1987]; *see also Matter of Incorporation of Proposed Vil. of Monsey*, 133 AD2d 84, 85 [1987]; *Matter of Proposed Vil. of Kaser*, 123 AD2d 320 [1986]), the petition's failure to comply with this requirement was fatal, and the Supreme Court properly concluded that the petition was legally insufficient.

In light of the foregoing, we need not reach the petitioners' remaining contentions. Florio, J.P., H. Miller, Cozier and Spolzino, JJ., concur.