■ In the Matter of JAMES BARNARD et al., Appellants, v CHRISTOPHER ST. LAWRENCE et al., Respondents. [844 NYS2d 436]—

In a proceeding pursuant to CPLR article 78 and Village Law article 2 to review a determination of Christopher St. Lawrence, in his capacity as the Supervisor of the Town of Ramapo, dated July 30, 2004, which, after a hearing, determined that the petition for the incorporation of the proposed Village of Ladentown

was not legally sufficient, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Bergerman, J.), entered November 2, 2006, which, upon an order of the same court dated January 28, 2005, denied the petition and dismissed the proceeding.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In support of his determination that the petition for incorporation of a village was not legally sufficient, Christopher St. Lawrence, in his capacity as Supervisor of the Town of Ramapo, found that the petitioners failed to attach, to the petition, a complete and accurate list of the "regular inhabitants" of the territory sought to be incorporated (Village Law § 2-202 [1] [c] [2]; *see Matter of Baker v Heaney,* 15 AD3d 577, 578 [2005]; *Matter of Elevitch v Colello,* 168 AD2d 681, 682 [1990]; *Matter of Luria v Conklin,* 139 AD2d 650 [1988]; *Matter of Incorporation of Vil. of Viola Hills,* 129 AD2d 579, 580 [1987]). He also found that the petitioners failed to attach a description of the territory's boundary that would enable the territory to be identified with "common certainty" (Village Law § 2-202 [1] [c] [1]; *see Matter of Incorporation of Vil. of Viola Hills,* 129 AD2d at 580; *cf. People ex rel. Underwood v Board of Trustees of Vil. of Patchogue,* 217 NY 466, 468-469 [1916]). Contrary to the petitioners' contentions, his findings are not "illegal, based on insufficient evidence, or contrary to the weight of evidence" (Village Law § 2-210 [1]). Accordingly, the Supreme Court correctly confirmed his determination (*see* Village Law § 2-210 [1]; *Matter of Baker v Heaney,* 15 AD3d at 578; *Matter of Elevitch v Colello,* 168 AD2d at 682; *Matter of Luria v Conklin,* 139 AD2d at 650; *Matter of Incorporation of Vil. of Viola Hills,* 129 AD2d at 580).

The petitioners' remaining contentions are either not properly before this Court (*see Matter of Stoves & Stone, Ltd. v Martinez,* 17 AD3d 683, 684 [2005]; *Matter of Mittleberg v Shaffer,* 141 AD2d 645, 645-646 [1988]; *Matter of David v Christian,* 134 AD2d 349, 350 [1987]; *Matter of Hirsch v Shaffer,* 108 AD2d 815 [1985]; *Matter of Curry v Blum,* 73 AD2d 965 [1980]), or without merit. Schmidt, J.P., Ritter, Santucci and Balkin, JJ., concur.