Matter of Bernstein v Feiner (2018 NY Slip Op 06900)





Matter of Bernstein v Feiner


2018 NY Slip Op 06900


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-01883
 (Index No. 58799/17)

[*1]In the Matter of Robert B. Bernstein, et al., petitioners-respondents, 
v
Paul Feiner, etc., et al., appellants, et al., respondent.


Spolzino Smith Buss & Jacobs, LLP, White Plains, NY (Robert A. Spolzino and Edward A. Smith III of counsel), for appellant Paul Feiner.
Harris Beach, PLLC, White Plains, NY (Darius P. Chafizadeh and Christopher H. Feldman of counsel), for appellants Nancy Blank, Thomas Blank, Robert P. Cerrato, Lloyd Cort, Mona Fraitag, Joan Gardner, Glenroy Gordon, Tracy C. Mairs, John M. Martin, Edward Massena, Martin Payson, Helen M. Orce, Sylvia Simon, Donald Siegel, Joanne F. Siegel, William Stanton, Alice Strauss, and Steven J. Willard.
Janet Linn and Hugh Schwartz, Scarsdale, NY, appellants pro se.
Gibson, Dunn & Crutcher LLP, New York, NY (James L. Hallowell, Adam J. Jantzi, and Lauren Kobrick of counsel), and Bernstein & Associates, PLLC, Scarsdale, NY (Robert B. Bernstein pro se of counsel), for petitioners-respondents (one brief filed).



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of Paul Feiner, Supervisor of the Town of Greenburgh, dated May 5, 2017, which, after a hearing, determined that a petition for the incorporation of the proposed Village of Edgemont does not comply with the requirements of Village Law article 2, and action, inter alia, for a judgment declaring that the petition for the incorporation of the proposed Village of Edgemont complies with the requirements of Village Law article 2, Paul Feiner appeals, Nancy Blank, Thomas Blank, Robert P. Cerrato, Lloyd Cort, Mona Fraitag, Joan Gardner, Glenroy Gordon, Tracy C. Mairs, John M. Martin, Edward Massena, Martin Payson, Helene M. Orce, Sylvia Simon, Donald Siegel, Joanne F. Siegel, William Stanton, Alice Strauss, and Steven J. Willard separately appeal, and Janet Linn and Hugh Schwartz separately appeal, from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated February 1, 2018. The judgment granted the petition, annulled the determination, declared that the petition for the incorporation of the proposed Village of Edgemont complies with the requirements of Village Law article 2, and directed the Town Clerk of the Town of Greenburgh to take all necessary actions to schedule an election to determine the matter of incorporation of the proposed Village of Edgemont.
ORDERED that the judgment is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the petition is denied, the proceeding is dismissed, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment, inter alia, declaring that the petition for the incorporation of the proposed Village of Edgemont does not comply with the requirements of Village Law article 2.
In this hybrid proceeding pursuant to CPLR article 78 and action for declaratory [*2]relief, the Supreme Court granted the petition pursuant to CPLR article 78 to annul a determination of the Supervisor of the Town of Greenburgh, which determined that a petition for the incorporation of the proposed Village of Edgemont does not comply with the requirements of Village Law article 2, and declared that the petition for incorporation complies with the requirements of Village Law article 2. The Town Supervisor found that the petition for incorporation failed to include a description of the territory to be incorporated that was "sufficient to identify the location and extent of such territory with common certainty," as is required by Village Law § 2-202(1)(c)(1). That finding was not illegal, based on insufficient evidence, or contrary to the weight of the evidence (see Matter of Barnard v St. Lawrence, 44 AD3d 1037, 1038; Matter of Incorporation of Vil. of Viola Hills, 129 AD2d 579, 580).
The Town Supervisor also found that the petition for incorporation did not include an accurate list of the regular inhabitants of the proposed village, as is required by Village Law § 202-2(1)(c)(2). That finding also was not illegal, based on insufficient evidence, or contrary to the weight of the evidence (see Matter of Bernard v St. Lawrence, 44 AD3d at 1038; Matter of Baker v Heaney, 15 AD3d 577, 578; Matter of Elevitch v Colello, 168 AD2d 681, 682; Matter of Luria v Conklin, 139 AD2d 650; Matter of Incorporation of Vil. of Viola Hills, 129 AD2d at 580).
Accordingly, the Supreme Court should have denied the petition pursuant to CPLR article 78, dismissed the proceeding, and declared that the petition for incorporation does not comply with the requirements of Village Law article 2 (see Village Law § 2-210[1]; Matter of Bernard v St. Lawrence, 44 AD3d at 1038; Matter of Baker v Heaney, 15 AD3d at 578; Matter of Elevitch v Colello, 168 AD2d at 682; Matter of Luria v Conklin, 139 AD2d at 650; Matter of Incorporation of Vil. of Viola Hills, 129 AD2d at 580). Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment, inter alia, declaring that the petition for the incorporation of the proposed Village of Edgemont does not comply with the requirements of Village Law article 2 (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court