McNally v Feiner (2021 NY Slip Op 08185)





McNally v Feiner


2021 NY Slip Op 08185


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2020-05033
 (Index No. 63333/19)

[*1]In the Matter of Michelle McNally, et al., respondents,
v
Paul Feiner, etc., et al., appellants.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains, NY (Robert A. Spolzino and Edward A. Smith III of counsel), for appellant Paul Feiner.
William S. Greenawalt, White Plains, NY, for appellants Phillip Chonigman, Mona Fraitag, Martin Payson, Michael P. Schwartz, and William Paul Weintraub.
Hugh A. Schwartz, named herein as Hugh Schwartz, Scarsdale, NY, appellant pro se.
Gibson, Dunn & Crutcher LLP, New York, NY (James L. Hallowell, Adam J. Jantzi, Seth M. Rokosky, and Lauren Myers of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of Paul Feiner, Supervisor of the Town of Greenburgh, dated July 26, 2019, which, after a hearing, determined that a petition for the incorporation of the proposed Village of Edgemont did not comply with the requirements of Village Law article 2, and action, inter alia, for a judgment declaring that the petition for the incorporation of the proposed Village of Edgemont complies with the requirements of Village Law article 2, Paul Feiner appeals, Hugh Schwartz separately appeals, and Phillip Chonigman, Mona Fraitag, Martin Payson, Michael P. Schwartz, and William Paul Weintraub separately appeal, from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated May 20, 2020. The judgment granted the petition, annulled the determination, declared that the petition for the incorporation of the proposed Village of Edgemont complies with the requirements of Village Law article 2, and directed the Town Clerk of the Town of Greenburgh to take all necessary actions to schedule an election to determine the matter of incorporation of the proposed Village of Edgemont.
ORDERED that the judgment is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the petition is denied, the proceeding is dismissed, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment, inter alia, declaring that the petition for the incorporation of the proposed Village of Edgemont does not comply with the requirements of Village Law article 2.
In this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the Supreme Court granted the petition pursuant to CPLR article 78 to annul a determination of the Supervisor of the Town of Greenburgh, which determined that a petition for the incorporation [*2]of the proposed Village of Edgemont does not comply with the requirements of Village Law article 2, and declared that the petition for incorporation complies with the requirements of Village Law article 2.
To qualify for incorporation as a village, a territory must, inter alia, contain a population of at least 500 persons who are "regular inhabitants" thereof (Village Law § 2-200[1]). "Regular inhabitants" are defined as "all persons residing in the territory proposed to be incorporated except such persons who themselves, or who are persons under the age of eighteen years residing with persons who, maintain a residence outside such territory which is used as their address for purposes of voting" (id. § 2-200[2]). A petition for the incorporation of a territory as a village may be brought by, inter alia, "[a]t least [20%] of the residents of such territory qualified to vote for town officers in a town in which all or part of such territory is located" (id. § 2-202[1][a][1]). Further, each copy of the petition must have attached to the signature pages: (1) "[a] description of [the] territory sufficient to identify the location and extent of such territory with common certainty" (id. § 2-202[1][c][1]); and (2) "[a] list of the names and address[es] of the regular inhabitants of such territory" (id. § 2-202[1][c][2]).
Here, the Town Supervisor found that the petition for incorporation did not include the requisite number of signatures of 20% of the residents of the proposed village who are qualified to vote for Town officers (see id. § 2-202[1][a][1]), as the required list of regular inhabitants was not annexed to the petition for incorporation at the time that a majority of the signatories signed the petition. Contrary to the Town Supervisor's determination, the applicable statute does not require the list of regular inhabitants to be completed and attached at the time of the signing of the petition for incorporation, nor does the statute require that those signatories certify that they are familiar with the list of regular inhabitants (see id. § 2-202[1][c][2]).
The Town Supervisor also found that the petition for incorporation did not include an accurate list of the regular inhabitants of the proposed village, as is required by Village Law § 2-202(1)(c)(2). Specifically, the Town Supervisor found that the list of regular inhabitants omitted the names and addresses of many regular inhabitants who are minors, and did not list all of the minor residents. Article 2 of the Village Law does not except from the definition of "regular inhabitants" minors, apart from those who reside with persons who use an address outside of the proposed territory for voting purposes (id. § 2-200[2]). However, the record shows that the proponents of the petition for incorporation endeavored to collect the names and addresses of minor residents by, inter alia, sending postcards to all homes in the area. The proponents were hindered in those efforts by, among other things, privacy and safety concerns raised by local school administrators and parents. The petition for incorporation did list the names and addresses of some minor residents, and the proponents estimated the total number of minor residents in the proposed village based on, inter alia, statistical data provided by local school administrators. The petition for incorporation listed the remaining minor residents as "Minor Does." Under these particular circumstances, the Supreme Court properly found that the petition for incorporation sufficiently complied with the requirement of listing the regular inhabitants of the proposed village, and that the Town Supervisor's determination on this point was illegal and contrary to the weight of the evidence (see id. § 2-210[1]; Matter of Baker v Heaney, 15 AD3d 577, 578).
However, the Town Supervisor properly found that the petition for incorporation failed to include a description of the territory to be incorporated that was "sufficient to identify the location and extent of such territory with common certainty," as is required by Village Law § 2-202(1)(c)(1). Although the petition for incorporation indicated that the proposed village was to be coextensive with the existing boundaries of the Greenville Fire District, the record showed that the metes-and-bounds description that was provided therein did not correspond to the existing boundaries of that fire district. Further, the mere statement in the petition for incorporation that the proposed territory was coextensive with that fire district was not sufficient to meet the applicable statutory requirements (see id.), particularly as the record shows that the legal boundaries of that fire district are disputed.
Accordingly, the Supreme Court should have denied the petition pursuant to CPLR [*3]article 78, dismissed the proceeding, and declared that the petition for incorporation does not comply with the requirements of Village Law article 2 (see Matter of Barnard v St. Lawrence, 44 AD3d 1037, 1038; Matter of Incorporation of Vil. of Viola Hills, 129 AD2d 579, 580). Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment, inter alia, declaring that the petition for incorporation does not comply with the requirements of Village Law article 2 (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court