Matter of Wagschal v Cardone (2023 NY Slip Op 01898)

Matter of Wagschal v Cardone

2023 NY Slip Op 01898

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-00510
 (Index No. 7419/19)

[*1]In the Matter of Herman Wagschal, et al., petitioners-respondents, 
v
Anthony Cardone, etc., et al., appellants, et al., respondents.

Feerick Nugent MacCartney, PLLC, South Nyack, NY (Brian D. Nugent and John J. Kolesar III of counsel), for appellants.
Sive, Paget & Riesel, P.C., New York, NY (Steven Barshov, Alexis Saba, and Dane Warren of counsel), for petitioners-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of Anthony Cardone, Supervisor of the Town of Monroe, dated August 26, 2019, which, without a hearing, determined that a petition for the incorporation of the proposed Village of Seven Springs filed on March 29, 2019, did not comply with the requirements of Village Law article 2, Anthony Cardone, in his official capacity as Supervisor of the Town of Monroe, Town Board of Monroe, and Town of Monroe appeal from an order and judgment (one paper) of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated January 6, 2020. The order and judgment, insofar as appealed from, denied the motion of Anthony Cardone, in his official capacity as Supervisor of the Town of Monroe, Town Board of Monroe, and Town of Monroe which was to dismiss the petition insofar as asserted against them, granted that branch of the petition which was to annul the determination, annulled the determination, reinstated the petition for the incorporation of the proposed Village of Seven Springs, and directed Anthony Cardone, in his official capacity as Supervisor of the Town of Monroe, Town Board of Monroe, and Town of Monroe to process the subject petition for incorporation in accordance with Village Law article 2.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
This proceeding involves a petition for the incorporation of the proposed Village of Seven Springs (hereinafter the petition for incorporation), which was filed with the Town of Monroe on March 29, 2019. On August 26, 2019, Anthony Cardone, Supervisor of the Town (hereinafter the Town Supervisor), rejected the petition for incorporation on the ground that the required $6,000 deposit was not made at the time of filing, and therefore, the petition for incorporation failed to comply with the requirements of Village Law article 2. The petitioners commenced this proceeding pursuant to CPLR article 78, inter alia, to annul the Town Supervisor's determination. The Town Supervisor, the Town Board, and the Town (hereinafter collectively the Town respondents) moved, among other things, to dismiss the petition insofar as asserted against them. The Supreme Court, inter alia, denied that branch of the Town respondents' motion, granted that branch of the petition which was to annul the Town Supervisor's determination, annulled the determination, reinstated the [*2]petition for incorporation, and directed the Town respondents to process the petition for incorporation in accordance with Village Law article 2. The Town respondents appeal. We affirm.
Contrary to the Town respondents' contention, the petition, among other things, to annul the Town Supervisor's determination states a valid cause of action under CPLR 7803(3). The petition alleges that the Town Supervisor's rejection of the petition for incorporation was arbitrary and capricious since, contrary to the Town Supervisor's stated basis for rejecting the petition for incorporation, the petitioners complied with Village Law § 2-202(1)(f)(2) (see CPLR 7803[3]). Since the petition states a valid cause of action, the Supreme Court properly denied that branch of the Town respondents' motion which was to dismiss the petition insofar as asserted against them.
Village Law § 2-202(1)(f)(2) provides that "[a]t the time of filing of the petition there shall be deposited with each supervisor with whom the original or a copy of the original is filed, the sum of six thousand dollars to pay the cost of posting, publishing and serving required notices, stenographic services and services of inspectors of election in the event incorporation is not effected." Strict compliance with the provisions of article 2 of the Village Law is required when filing a petition under that article (see Matter of Berkowitz v St. Lawrence, 21 AD3d 413).
As the Supreme Court properly determined, there is no dispute that as of March 29, 2019, the petitioners had on deposit with the Town the sum of $6,000. Contrary to the Town respondents' contention, the Village Law did not preclude the petitioners from applying the $6,000 in funds already in the Town's possession as the deposit. As of March 29, 2019, the Town had $6,000 in its possession for the purpose of processing a prior, superseded petition for the incorporation of the proposed Village of Seven Springs. Thus, the Town Supervisor's only stated basis for rejecting the petition, i.e., noncompliance with the Village Law, was arbitrary and capricious.
The Supreme Court properly granted that branch of the petition which was to annul the Town Supervisor's determination, on the merits, before the Town respondents had an opportunity to answer, since the facts were fully presented on the motion papers such that it is clear that no dispute as to the relevant facts exists and no prejudice will result from the failure to require an answer (see Kickertz v New York University, 25 NY3d 942, 943; Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 104). Given the undisputed facts in the record evincing that the petitioners complied with Village Law § 2-202(1)(f)(2), the court properly granted that branch of the petition.
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court