HUBBARD J. MEYERS, Petitioner, Respondent, v. CECIL B. WIENER and Others, Constituting the Municipal Civil Service Commission of the City of Buffalo, New York, Appellants.— Orders reversed and proceeding dismissed on the merits, without costs. Memorandum: The petitioner succeeded in the court below on

the theory that, while he has a third degree inguinal hernia and a mitral insufficiency and a first stage heart block, these conditions did not presently incapacitate him from discharging the duties of the position of laboratory assistant. Present ability to do the work is not the test. The commission has the right to look to the future and to require that a candidate for appointment in the public service shall be free from disabling physical defects. Written notice of this requirement was given to the petitioner before he took the written examination for the position which he seeks. The holdings in *Matter of Strauss* v. *Hannig* (256 App. Div. 662; affd., 281 N. Y. 612) and *Davis* v. *Wiener* (260 App. Div. 127), involving similar facts, require a reversal of the order appealed from. All concur. (The first order, pursuant to article 78 of the Civil Practice Act, directs defendants to certify that petitioner has successfully passed the physical examination for position of laboratory assistant, division of engineering, department of public works, and to complete petitioner's competitive examination for said position. The second order amends the previous order to provide that defendants withdraw certification of lists of eligibles for the position and restrains them from certifying such a list until final determination of the action.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.