■ In the Matter of JAMES M. PALOZZOLO, Appellant, v S. MICHAEL NADEL, as Personnel Director of the City of New York Civil Service Commission, et al., Respondents. — Judgment, Supreme Court, New York County (L. Cohen, J.), entered January 2, 1981, which dismissed the petition, affirmed, without costs or disbursements. Petitioner was denied permanent appointment as a fireman because he had 35-40 degree scoliosis (curvature) of the spine. Subdivision 4 of section 50 of the Civil Service Law provides that an applicant may be denied certification if he "is found to have a physical or mental disability which renders him unfit for the performance of the duties of the position in which he seeks employment". Petitioner was examined for the fire department by its medical officer and an orthopedic consultant. The latter recommended that petitioner be classified as medically unqualified. Although petitioner's personal doctors did not find his disability to be cause to prevent his appointment, "[i]t is not for the courts to choose between * * * diverse professional opinions. That is the function of the proper department heads and as long as they act reasonably and responsibly, the courts will not interfere." (McCabe v Haberman, 33 AD2d 547.) The Civil Service Commission had "the right to look to the future and to require that a candidate for appointment in the public service * * * be free from disabling physical defects." (Meyers v Weiner, 260 App Div 989, 990.) The decision to deny appointment was neither arbitrary nor capricious. Given both the nature of a fireman's duties and the extent of the curvature, the conclusion that petitioner's condition would affect his performance, as well as increase the likelihood that he would eventually become disabled, had a rational basis. Although the notice of examination does not mandate disqualification, an applicant is put on notice of the potential for disqualification because of scoliosis. Petitioner was permitted the full panoply of administrative review, including hearing and examination by the joint medical board, and a review of his own doctor's reports. His application was not given short shrift. We cannot see any justification for a remand for further consideration. Concur — Sullivan, Carro and Silverman, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would remand to the appointing authority for further consideration. The respondents found the petitioner unqualified for permanent appointment to the position of fireman due to physical disability, scoliosis, i.e., curvature of the spine. He is presently a correction officer and had been an auxiliary fireman since 1970. While there was adequate evidence to show that a 35 to 40 degree scoliosis would not

necessarily prevent the performance of the tasks required of a fireman, the appointing authorities took the position that they were required to reject the petitioner rather than determine whether the deficiency made him an impermissible employment risk. The notice of examination specified, No. 50, that a candidate "may" be rejected for scoliosis. Where rejection was absolutely required, there were specific statements to that effect. Accordingly, it was not proper to reject the petitioner out of hand. (See *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459.)