■ In the Matter of LEVERNICE DAVID, Petitioner, v JOSEPH J. CHRISTIAN et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority, dated June 2, 1981, which, after a hearing, found him guilty of incompetence and misconduct and dismissed him from his employment as a New York City Housing Police officer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The determination under review, which turned on the issue of credibility, is supported by substantial evidence, and will therefore not be disturbed *(see, Matter of Donnelly v Carmel Cent. School Dist.,* 109 AD2d 796; *Matter of Wiener v Gabel,* 18 AD2d 1025). The Hearing Officer, after weighing all of the testimony, found the petitioner's denials unworthy of belief in relation to the overwhelming consistent testimony of fellow officers and witnesses who testified as to the petitioner's drawing his gun, his intoxicated condition and his other abusive behavior.

The petitioner's contention that his psychiatric report was confidential and not part of his reviewable employment record for purposes of determining the penalty to be imposed is not supported by the record. The employee counseling unit's confidentiality requirement only attached where counseling was for the purpose of remedying personal employment problems. Here, the psychiatric report was sought exclusively by the petitioner's superiors in order to determine whether the peti-

tioner's condition warranted his termination. Furthermore, the petitioner's failure to raise, in his initial petition, the issue of lack of notice of the use of his employment record constitutes a waiver of that claim *(see, Matter of Curry v Blum,* 73 AD2d 965; *cf., Matter of Bigelow v Board of Trustees,* 63 NY2d 470).

Finally, the petitioner's contention that the penalty of discharge was excessive is without merit *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.