■ In the Matter of HOWARD KORNFELD, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents.— In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated June 3, 1987, which found the petitioner not qualified for employment as a Nassau County police officer, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Morrison, J.), entered July 15, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondents' determination was based upon the recommendation of their designated medical officer *(see,* Civil Service Law § 50 [10]) that the petitioner should be medically disqualified from consideration for the position of Nassau County police officer. This recommendation was based on the abnormal configurations of the two electrocardiograms administered to the petitioner, which, the county physician explained, indicate that "when [the petitioner is] exposed to stressful conditions * * * tragic consequences [may result] for either the applicant, his co-workers, or civilians relying upon that applicant in a life and death situation". This determination was neither arbitrary nor capricious *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). The petitioner's physician's opinion to the contrary is not controlling *(see, Matter of Palozzolo v Nadel,* 83 AD2d 539, *affd* 55 NY2d 984; *Matter of Brussel v LoGrande,* 137 AD2d 686). Brown, J. P., Kunzeman, Kooper and Balletta, JJ., concur.