■ In the Matter of KENNETH CARCHIETTA, Appellant, v DEPARTMENT OF PERSONNEL OF THE CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County (David Saxe, J.), entered February 1, 1990, which denied and dismissed the CPLR article 78 petition challenging the Civil Service Commission's determination upholding the Department of Personnel's disqualification of petitioner from the position of police officer on the grounds of character, unanimously affirmed, without costs.

After having successfully competed in Civil Service Examination No. 1175 for appointment to a position as a police

officer, petitioner's name was removed from the eligible list upon the Department of Personnel's investigative findings and determination that petitioner was "not qualified" on the basis of "character". Since the petitioner commenced his article 78 proceeding after the expiration of the eligible list and did not challenge the validity of the list in his petition, the relief requested therein could not be granted and dismissal of the petition for these reasons was warranted. *(See, Matter of Deas v Levitt,* 73 NY2d 525, *cert denied* 493 US 933.)

In any event, the petition, which challenges as arbitrary and capricious respondent's determination disqualifying petitioner on the basis of "character", is without merit. Petitioner has failed to present evidentiary facts from which an inference of bad faith, illegality or arbitrary and capricious conduct can be drawn *(Matter of Stanziale v Executive Dept., Off. of Gen. Servs.,* 55 NY2d 735). Indeed, the record supports the Civil Service Commission's exercise of its broad discretion *(see generally, Matter of Metzger v Nassau County Civ. Serv. Commn.,* 54 AD2d 565). The investigation revealed that petitioner, as a youth, had once been arrested for his participation in the transfer of a forged prescription for illicit drugs and that the explanation of his involvement in the incident was questionable. Concur—Sullivan, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.