■ In the Matter of GRACE HOLLAND et al., Respondents, v COMMISSIONER OF HEALTH OF ROCKLAND COUNTY, Appellant. [598 NYS2d 57] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Health of Rockland County, dated February 14, 1990, which assessed civil penalties of $1,800 upon the petitioners for violation of the Rockland County Sanitary Code, the appeal is from so much of a judgment of the Supreme Court, Rockland County (Carey, J.), dated October 12, 1990, as reduced the penalties imposed.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the penalties are reinstated.

After duly-conducted administrative proceedings, the Commissioner of Health of Rockland County (hereinafter the Commissioner) found that the petitioners had violated various sections of the Rockland County Sanitary Code, and assessed "civil penalties" against them in the amount of $100 for each of eight violations and $500 for each of the remaining two violations, for a total penalty of $1,800.

The petitioners thereafter instituted the instant CPLR article 78 proceeding, challenging, *inter alia,* the Commissioner's authority to impose a fine in excess of that provided for in Public Health Law § 348 (2) for noncompliance with sanitary code provisions, i.e., "a violation punishable on conviction for a first offense by a fine of not more than two hundred fifty dollars or by imprisonment for not more than fifteen days or by both such fine and imprisonment".

The Commissioner countered that, by virtue of the Rockland County Charter, which grants him the same "powers and duties conferred or imposed upon * * * County Boards of Health by the Public Law" (Rockland County Charter, art VII, § 7.02), and, in turn, Public Health Law § 347 (1), which confers upon a board of health for a county "all the powers * * * of local boards of health", he is entitled to impose civil penalties "not exceeding five hundred dollars for a single

violation or failure, to be sued for and recovered * * * in any court of competent jurisdiction" pursuant to Public Health Law § 309 (1) (f).

We agree with the Commissioner's position, and accordingly, reinstate the $500 fines for each of two violations. As the Commissioner asserts, by virtue of the various statutory provisions cited above, the same powers are conferred upon him as on local boards of health, including the right to impose civil penalties pursuant to Public Health Law § 309. Contrary to the petitioners' claim, the Commissioner is not restricted, in his imposition of fines to those set forth in Public Health Law § 348 (2), which prescribes maximum criminal fines, for the very language of that section, when compared with that of Public Health Law § 309, reveals that it is limited to criminal sanctions to be imposed by sentencing courts for convictions of sanitary code violations, and does not, as does the instant case, involve civil penalties levied by an administrative agency. To the extent that the decision of *Matter of Yensco v Westchester County Dept. of Health* (87 AD2d 652) is to the contrary, it should not be followed. Bracken, J. P., Miller, Copertino and Pizzuto, JJ., concur.