■ In the Matter of PADMA RAM, Petitioner, v BOARD OF HEALTH OF THE NASSAU COUNTY HEALTH DISTRICT et al., Respondents. [628 NYS2d 113] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Health of the Nassau County Health District, dated March 17, 1993, which, after a hearing, found the petitioner guilty of 340 charges concerning inter alia, her failure to perform routine testing of her mammography equipment and for permitting an unlicensed technician to perform mammographic examinations of 225 patients, fined her $170,000, and directed her to inform the patients of the charges against her, provide them with copies of their mammography film, and reimburse them upon request for the cost of the examination. The petitioner appeals from so much of a judgment of the Supreme Court, Nassau County (Kutner, J.), entered December 9, 1993, as confirmed the determination and dismissed the proceeding.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment is vacated (see, Matter of Scorpio Car Serv. v New York City Taxi & Limousine Commn., 171 AD2d 872); and it is further,

Adjudged that the petition is granted, on the law, to the

extent that so much of the determination as directed the petitioner to (1) provide each of the 225 patients with a copy of their mammographic films (2) reimburse them upon request for the cost of their examination, and (3) inform them of the charges sustained against her is annulled, the determination is otherwise confirmed, and the proceeding is otherwise dismissed, without costs or disbursements.

Inasmuch as the petition raises a substantial evidence question, the Supreme Court erred in not transferring the proceeding to the Appellate Division (see, CPLR 7804 [g]; 7803 [4]; *Matter of O'Donnell v Rozzi,* 99 AD2d 494). Nonetheless, since the record is now before us, this Court will treat the proceeding as if it had been properly transferred here (see, *Matter of Reape v Gunn,* 154 AD2d 682).

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (see, *Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Heartland Indus. Park v County of Suffolk Dept. of Health Servs.,* 112 AD2d 428). The petitioner's contention that the determination of the respondent Board of Health of the Nassau County Health District (hereinafter the Board) was not supported by substantial evidence is without merit. The testimony and exhibits adduced at the hearing established the facts necessary to sustain the numerous charges against the petitioner. In addition, the penalty imposed was not so disproportionate to the offenses committed as to be shocking to one's sense of fairness (see, *Matter of Pell v Board of Educ., supra; Matter of Holland v Commissioner of Health of Rockland County,* 193 AD2d 744; Public Health Law § 309 [1] [f]). However, we find that the portion of the Board's determination which directed the petitioner to (1) provide each of the 225 patients with a copy of their mammographic films (2) reimburse them upon request for the cost of their examination, and (3) inform them of the charges sustained against her was unauthorized by statute (see, Public Health Law § 308 [e]). Therefore, that portion of the determination must be annulled.

We have examined the petitioner's remaining contentions and find them to be without merit. Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.