■ In the Matter of SALVATORE CURCIO, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION, Respondent. [631 NYS2d 881] —In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission, dated April 2, 1992, which determined that the petitioner was disqualified from employment as a police officer with the Nassau County Police Department for medical reasons, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Roberto, J.), entered January 13, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, an applicant for a position as a police officer with the Nassau County Police Department, suffers from a previously separated right shoulder. The Nassau County Civil Service Commission (hereinafter the Commission) denied the petitioner's application after reviewing reports from both the petitioner's and the Commission's doctors. In relevant part, the Commission's orthopedic surgeon determined that "there is a definite danger that [the shoulder] will dislocate further when exposed to excessive stress or strain, incapacitating the right upper extremity and rendering it useless".

It is well settled that in a CPLR article 78 proceeding to review a determination of an administrative board, the board's decision must be upheld if it is based on substantial evidence *(see, Matter of Berenhaus v Ward,* 70 NY2d 436; *Matter of Di-Cairano v Gandolfo,* 201 AD2d 727). This Court cannot reject the determination of the Commission "where the evidence is conflicting and room for choice exists. Thus, when a rational basis for the conclusion adopted by the Commissioner is found, the judicial function is exhausted" *(Matter of State Div. of Human Rights [Granelle],* 70 NY2d 100, 106). That the opinion of the petitioner's physician is contrary to that of the Commission's physician is not controlling *(see, Matter of Kornfeld v Nassau County Civ. Serv. Commn.,* 138 AD2d 710; *Matter of Palozzolo v Nadel,* 83 AD2d 539). We find that the Commission's determination was supported by substantial evidence.

The petitioner's contention that the Commission violated the Human Rights Law *(see,* Executive Law § 296 [1] [a]) is without merit. That section provides, in part, that

"[i]t shall be an unlawful discriminatory practice * * *

"[f]or an employer * * * because of * * * disability * * * to refuse to hire or employ * * * such individual". (Executive Law § 296 [1] [a].) However, Executive Law § 292 (21) excepts from the definition of "disability" those conditions which "prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held". The Commission's determination that the petitioner's condition would prevent the complainant from performing his duties in a reasonable matter was supported by the evidence in the record. Accordingly, the condition was not a "disability" within the meaning of Executive Law § 292 (21), and the Commission did not violate Executive Law § 296 (1) (a). Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.