◼ In the Matter of ROBERT CHURCH, Petitioner, v BRIAN WING, Individually and as Acting Commissioner of the New York State Department of Social Services, et al., Respondents. [645 NYS2d 356] —Determination unanimously annulled on the law without costs, petition granted and matter remitted to respondents for further proceedings in accordance with the following Memorandum: In November 1994 petitioner and his wife and two children were receiving public assistance benefits under the Aid to Families with Dependent Children (AFDC) program. Petitioner therefore became subject to the Federally mandated Job Opportunities and Basic Skills (JOBS) training program, which requires, with certain exemptions, that all recipients of public assistance participate in assigned JOBS activities. Respondents, the Commissioners of the New York State and Jefferson County Departments of Social Services, assigned petitioner to participate in a Work Experience Program (WEP) for 120 hours per month, beginning in November 1994. Because petitioner worked only 47 of the required 120 hours in November, respondents sanctioned him by reducing his household's public assistance benefits for three months. After a fair hearing, the Administrative Law Judge sustained respondents' determination. Petitioner then commenced this CPLR article 78 proceeding, seeking to annul respondents' determination and requesting a declaration that respondents comply with certain regulations promulgated under the Social Services Law. Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Preliminarily, we note that the transfer of this proceeding by the court was improper because it involves a question of law rather than an issue of substantial evidence. Nevertheless, in the interest of judicial economy, we retain the proceeding;

the record is sufficient to determine the legal issue (*see,* CPLR 7804 [g]; *City School Dist. v New York State Pub. Empl. Relations Bd.,* 144 AD2d 35, 37, *affd* 74 NY2d 395; *Matter of Dubb Enters. v New York State Liq. Auth.,* 187 AD2d 831, 832).

18 NYCRR 385.12 (k) (5) provides that an AFDC recipient may be assigned to participate in a WEP only if "the number of hours a participant is required to work in any month does not exceed the number of hours which would result from dividing the household's monthly grant amount * * * by the highest of: (i) the Federal minimum wage; (ii) the State minimum wage; or (iii) the prevailing rate of pay for persons employed in the same or similar occupations by the same employer at the same or equivalent site" (*see,* Social Services Law § 336-c [2] [c]). Further, 18 NYCRR 385.12 (k) (6) requires that an AFDC recipient may be assigned to participate in a WEP only if "the social services official has obtained a determination of the prevailing rate of pay from the Department of Labor [DOL] before making the assignment". It is well settled that an agency acts arbitrarily and capriciously by failing to comply with its own rules and regulations (*see, Matter of Frick v Bahou,* 56 NY2d 777, 778; *Matter of Brooks v Forsythe,* 189 AD2d 26, 32; *Matter of Era Steel Constr. Corp. v Egan,* 145 AD2d 795, 799). Here, respondents failed to obtain a determination of the prevailing rate of pay from DOL before assigning petitioner to the WEP.

Thus, we annul the determination, grant the petition and remit the matter to respondents to determine the amount wrongfully withheld from petitioner's public assistance benefits. There is no need for a declaration (*see, Greystone Mgt. Corp. v Conciliation & Appeals Bd.,* 62 NY2d 763, 765). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Jefferson County, Gilbert, J.) Present—Lawton, J. P., Wesley, Doerr, Davis and Boehm, JJ.