■ In the Matter of THOMAS J. MULLEN, Appellant, v COUNTY OF SUFFOLK POLICE DEPARTMENT et al., Respondents. [763 NYS2d 769] —In a proceeding pursuant to CPLR article 78 to review a determination of the County of Suffolk Police Department, dated February 5, 2002, finding the petitioner unqualified to attend the Suffolk County Police Academy based upon the results of polygraph examinations, the appeal is from a judgment of the Supreme Court, Suffolk County (Oliver, J.), dated May 6, 2002, which, inter alia, denied the petition and confirmed the determination.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which sought administrative review of the determination dated January 5, 2002, and confirming the determination, and substituting therefor provisions granting that branch of the petition and annulling the determination; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the respondents for completion of the administrative appeal process, to wit, forwarding the polygraph results in question to an independent police unit for verification, and for a new determination after completion thereof.

The petitioner accepted an offer of employment as a police officer in the Ocean Beach Police Department conditioned upon

his passing a polygraph examination. The respondents administered a polygraph examination and determined that the petitioner's denial that he had "ever been personally involved with illegal drugs or narcotics" was inconclusive.

The petitioner took the polygraph examination a second time, after he acknowledged that he had used the narcotic tylenol with codeine with a prescription and admitted that certain of his family members, acquaintances, and coworkers had been involved in illegal drugs. The polygraph test was administered and petitioner was asked, "Other than what we talked about have you ever been personally involved with illegal drugs or narcotics?" and the petitioner answered "No." The respondents determined that answer to be deceptive.

The petitioner then stated that he attended a Christmas party in December 2001 where he believed people were using marijuana and possibly other illegal drugs. The respondents determined that statement was a corroboration of deception which justified denying the petitioner resort to the appeal process, to wit, forwarding the results to an independent police unit for verification.

The respondents' determination that the petitioner corroborated the claim that he engaged in deception is arbitrary and capricious with no basis in fact. The petitioner never admitted to personal involvement with illegal drugs.

In view of the foregoing, the respondents violated their own rules when they failed to afford the petitioner the procedural safeguards of the appeal process, to wit, verification of the polygraph results by an independent police unit. The respondents' failure to follow their own rules warrants annulling the determination under review and remitting the matter of the respondents to comply with their own rules (see Matter of Church v Wing, 229 AD2d 1019 [1996]; Matter of Garner v Tuckahoe Hous. Auth., 81 AD2d 915, 917 [1981]).

The petitioner's remaining contentions are either unpreserved for appellate review or without merit. Florio, J.P., Krausman, Goldstein and Townes, JJ., concur.