■ In the Matter of CLIFFORD WINNEGAR, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [785 NYS2d 524]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County of Department of Civil Service/Human Resources dated September 11, 2003, finding the petitioner unqualified to serve as a Suffolk County Police Officer, the appeal is from a judgment of the Supreme Court, Suffolk County (Werner, J.), dated February 24, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

An appointing authority has wide discretion in determining the fitness of candidates (*see Matter of Verme v Suffolk County Dept. of Civ. Serv.,* 5 AD3d 498 [2004]; *Matter of Mark v Schneider,* 305 AD2d 685, 686 [2003]; *Matter of Needleman v County of Rockland,* 270 AD2d 423, 424 [2000]). This discretion is particularly broad in the hiring of law enforcement officers, to whom high standards may be applied (*see Matter of Verme v Suffolk County Dept. of Civ. Serv., supra; Matter of Mark v Schneider, supra*). As long as the administrative determination is not irrational or arbitrary, this Court will not interfere with it (*see Matter of Needleman v County of Rockland, supra; Matter of Kelly v Suffolk County Dept. of Civ. Serv./Human Resources,* 301 AD2d 525 [2003]).

Contrary to the petitioner's contention, the respondents did not act irrationally or arbitrarily in relying upon the evaluations of a consulting psychologist and the Appeals Review Com-

mittee, which had a psychologist as a member. These evaluators utilized objective tests to determine that the petitioner was not qualified for the position of Suffolk County Police Officer (*see Matter of Needleman v County of Rockland, supra, Matter of Golimowski v Bellamy,* 244 AD2d 1001 [1997]; *Matter of Conlon v Commissioner of Civ. Serv. of County of Suffolk,* 225 AD2d 766 [1996]). The fact that the opinion of the petitioner's two privately retained experts is contrary to that of the respondents' psychologists is not controlling (*see Matter of Curcio v Nassau County Civ. Serv. Commn.,* 220 AD2d 412 [1995]; *Matter of Keryc v Nassau County Civ. Serv. Commn.,* 143 AD2d 669 [1988]). "It is not for the courts to choose between the diverse professional opinions. That is the function of the proper department heads and as long as they act reasonably and responsibly, the courts will not interfere" (*McCabe v Hoberman,* 33 AD2d 547, 548 [1969]; *see Matter of Brussel v LoGrande,* 137 AD2d 686 [1988]).

The petitioner's remaining contentions are without merit. Santucci, J.P., Adams, Cozier and Rivera, JJ., concur.