In the Matter of STOVES & STONE, LTD., Petitioner, v RAYMOND P. MARTINEZ, Respondent. [794 NYS2d 94]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Raymond P. Martinez, Commissioner of the New York State Department of Motor Vehicles Appeals Board, dated May 20, 2002, which confirmed the findings of an administrative law judge, dated December 12, 2001, made after a hearing, that the petitioner violated Vehicle and Traffic Law § 401 (7) (F) (b) and New York City Traffic Rules and Regulations (34 RCNY) § 4-15 (b) (9), and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed, on the merits, with costs.

Judicial review of a determination rendered by an administrative body after a hearing is limited to whether that determination is supported by substantial evidence upon the entire record (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176 [1978]; *Matter of Grace & Sons v New York State Dept. of Motor Vehs.,* 266 AD2d 284 [1999]). Moreover, "[a] reviewing court will not undertake the functions of weighing evidence and assessing credibility, as they are committed to the Administrative Law Judge" (*Matter of Scara-Mix, Inc. v Martinez,* 305 AD2d 418 [2003]).

The testimony of the traffic enforcement agent who issued the summons regarding the location of the weighing station and his training, accompanied by certificates establishing the accuracies of the devices he used in weighing the petitioner's vehicle, provided a sufficient basis for the determination of the administrative law judge (*see Matter of Masons v Martinez,* 8 AD3d 671 [2004]; *Matter of Maspeth Ave. Operating Corp. v Martinez,* 2 AD3d 446 [2003]; *Matter of Scara-Mix, Inc. v Martinez, supra*). As the determination is supported by substantial evidence, we decline to disturb it (*see Matter of Ferrara Equip. v Martinez,* 305 AD2d 411 [2003]). ·

The petitioner's remaining contention was not raised in the petition, and thus has been waived (*see Matter of David v Christian,* 134 AD2d 349 [1987]). H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.