In the Matter of ARTRISA Y. THOMAS, Petitioner, v FRANK G. STRAUB et al., Respondents. [818 NYS2d 90]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Frank G. Straub, as Commissioner of the Department of Public Safety, City of White Plains, dated January 5, 2004, which rescinded a conditional offer to the petitioner of probationary employment as a police officer on the ground that she failed a qualifying medical examination.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

This proceeding was improperly transferred to this Court by the Supreme Court, Westchester County, pursuant to CPLR 7804 (g) (see Matter of Pabon v Phillips, 16 AD3d 589 [2005]; Thurman v Holahan, 123 AD2d 687 [1986]). However, we will

retain jurisdiction and decide this case on the merits (*see Matter of Pabon v Phillips, supra; Matter of Giano v Coughlin,* 162 AD2d 986 [1990]).

"An appointing authority has wide discretion in determining the fitness of candidates. . . . This discretion is particularly broad in the hiring of law enforcement officers, to whom high standards may be applied. . . . As long as the administrative determination is not irrational or arbitrary, this Court will not interfere with it" (*Matter of Verme v Suffolk County Dept. of Civ. Serv.,* 5 AD3d 498, 498-499 [2004]; *see Matter of Mark v Schneider,* 305 AD2d 685 [2003]; *Matter of Needleman v County of Rockland,* 270 AD2d 423 [2000]). In determining whether a candidate is medically qualified to serve as a police officer, the appointing authority is entitled to rely upon the findings of its own medical personnel, even if those findings are contrary to those of professionals retained by the candidate, and the judicial function is exhausted once a rational basis for the conclusion is found (*see Matter of Winnegar v County of Suffolk,* 13 AD3d 382 [2004]; *Matter of Curcio v Nassau County Civ. Serv. Commn.,* 220 AD2d 412 [1995]).

Contrary to the petitioner's contention, the physician who examined her on behalf of the respondents was entitled to rely on the petitioner's medical history, including military medical records diagnosing her with an incurable condition known as Raynaud's syndrome, and restricting her activity in connection therewith, in deciding that she failed the qualifying medical examination. Although the petitioner maintained that she did not have the condition, the respondents were not bound by her submissions, and a rational basis existed for the determination rescinding the conditional offer of probationary employment made to her on the ground that she did not pass the qualifying medical examination (*see e.g. Matter of Stephens v Suffolk County Dept. of Civ. Serv.,* 15 AD3d 589 [2005]).

The petitioner's remaining contention is not properly before us, since it was not raised in the petition (*see Matter of Stoves & Stone, Ltd. v Martinez,* 17 AD3d 683 [2005]; *Matter of Miller v McMahon,* 240 AD2d 806 [1997]; *Matter of David v Christian,* 134 AD2d 349 [1987]). Prudenti, P.J., Miller, Mastro and Lunn, JJ., concur.