■ In the Matter of KEITH LITTLE, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [827 NYS2d 288]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the respondent Rocco Pozzi, Commissioner of Correction, dated July 25, 2005, disqualifying the petitioner from eligibility for appointment to the position of correction officer on the basis of his prior criminal convictions, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Jamieson, J.), entered March 3, 2006, which granted the respondents' motion, in effect, to dismiss the proceeding pursuant to CPLR 3211 (a) (7) and 7804 (f), and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

An appointing authority has wide discretion in determining the fitness of candidates, which discretion is particularly broad

in the hiring of law enforcement officers, to whom high standards may be applied (*see Matter of Verme v Suffolk County Dept. of Civ. Serv.,* 5 AD3d 498 [2004]). As long as the administrative determination is not irrational or arbitrary, this Court will not interfere with it (*id.* at 499; *see Matter of Thomas v Straub,* 29 AD3d 595, 596 [2006]; *Matter of Frederick v Civil Serv. Commn. of County of Schenectady,* 175 AD2d 428, 430 [1991]).

Contrary to the petitioner's contentions, the respondent Rocco Pozzi, Commissioner of Correction, properly exercised his discretion pursuant to County Law § 217-a and Administrative Code of County of Westchester § 185.11 as the Commissioner of Correction in determining that the petitioner's previous misdemeanor convictions rendered him unfit for the position of correction officer and disqualifying the petitioner from eligibility for appointment to that position. Moreover, Pozzi was not required to consider the factors set forth in Correction Law article 23-A before disqualifying the petitioner, since employment with a law enforcement agency is specifically exempted from the reach of that statute (*see* Correction Law § 750 [5]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Florio, Fisher and Dillon, JJ., concur.