Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Victim Services dated October 20, 2010, which, after a hearing, affirmed an amended decision of the New York State Crime Victims Board dated January 26, 2010, discontinuing reimbursements to the petitioner for expenses that she incurred for chiropractic care, physical therapy, and orthopedic care.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
*992 On March 30, 1998, the petitioner was injured in a hit-and-run accident while walking her dog. The driver was never apprehended. As a result of the accident, the petitioner allegedly-sustained injuries to her neck, back, legs, hips, shoulders, and arms. Since the time of the accident, the petitioner had been eligible for reimbursement from the New York State Office of Victim Services (hereinafter the OVS) for out-of-pocket expenses she incurred for chiropractic and orthopedic care and physical therapy for her injuries.
On September 19, 2009, Dr. Edward Mills conducted an independent orthopedic medical examination of the petitioner at the OVS’s request. On January 26, 2010, the New York State Crime Victims Board issued an amended decision discontinuing the reimbursement of the petitioner’s medical care expenses, based on Dr. Mills’s opinion, reached after his examination of the petitioner and a review of her medical records, that the petitioner had reached maximum medical improvement for conservative treatment, including chiropractic care, physical therapy, and orthopedic care, and that no further treatment was needed for her original injuries.
After the petitioner administratively appealed from the amended decision, the OVS held a hearing on June 23, 2010, at which the petitioner testified. After the hearing, the OVS issued a determination dated October 20, 2010, affirming the amended decision. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the OVS’s determination.
Where, as here, the challenged determination was made after a hearing directed by law at which evidence was taken, the standard of review is whether, on the entire record, the determination is supported by substantial evidence (see CPLR 7803 [4]). Substantial evidence “means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact” (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). “The courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists’ ” (Matter of Toys “R” Us v Silva, 89 NY2d 411, 424 [1996], quoting Matter of Stork Rest. v Boland, 282 NY 256, 267 [1940]; see Matter of Peterson v City of Poughkeepsie, 99 AD3d 714, 715 [2012]; Matter of Miserendino v City of Mount Vernon, 96 AD3d 946, 947 [2012]).
Here, the determination of the OVS affirming the amended decision discontinuing reimbursement for the petitioner’s chiropractic and orthopedic care and physical therapy stemming from the injuries she allegedly sustained in 1998 is supported by *993 substantial evidence in the record (see Matter of Dollinger v New York State Crime Victims Bd., 59 AD3d 443 [2009]; Matter of Weingarten v Crime Victims Bd., 22 AD3d 763, 764 [2005]). Further, the OVS was free to give more weight to the opinion of Dr. Mills that the petitioner required no further chiropractic care, orthopedic treatment, or physical therapy than it gave to the opinion of Dr. Campo, the petitioner’s treating chiropractor, that such further treatment was needed (see Matter of Winnegar v County of Suffolk, 13 AD3d 382, 382 [2004]; Matter of Curcio v Nassau County Civ. Serv. Commn., 220 AD2d 412, 413 [1995]).
The petitioner’s remaining contention is without merit. Balkin, J.P., Leventhal, Austin and Roman, JJ., concur.