■ In the Matter of PRIYADARSHAN BAJPAYI, Appellant, v SUNY DOWNSTATE MEDICAL CENTER et al., Respondents. [979 NYS2d 534]—

Contrary to the petitioner's contention, the respondent SUNY Downstate Medical Center (hereinafter Downstate) followed its own policies before denying him credit for his fourth year of post-graduate medical training and, thus, its determination was not arbitrary and capricious (*see Matter of Mullen v County of Suffolk Police Dept.*, 307 AD2d 1036, 1037 [2003]; *Matter of Church v Wing*, 229 AD2d 1019, 1020 [1996]). The petitioner's actions constituted "misconduct" as that term is defined in Downstate's Misconduct Due Process Policy. As a result, the due process procedures required under the Misconduct Due Process Policy were triggered, but, unlike Downstate's Academic Performance Due Process Policy, the Misconduct Due Process Policy

did not require Downstate to provide the petitioner with a letter of deficiency and an opportunity to cure.

Further, contrary to the petitioner's contention, the denial of credit for a previously completed period of training is an authorized penalty under the Misconduct Due Process Policy (*cf. Matter of Ram v Board of Health of Nassau County Health Dist.*, 216 AD2d 470, 471 [1995]; *Matter of Brabham v Weinstein*, 89 AD2d 566 [1982]).

Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Mastro, J.P., Chambers, Lott and Miller, JJ., concur.