Contrary to the petitioner’s contention, the respondent SUNY Downstate Medical Center (hereinafter Downstate) followed its own policies before denying him credit for his fourth year of post-graduate medical training and, thus, its determination was not arbitrary and capricious (see Matter of Mullen v County of Suffolk Police Dept., 307 AD2d 1036, 1037 [2003]; Matter of Church v Wing, 229 AD2d 1019, 1020 [1996]). The petitioner’s actions constituted “misconduct” as that term is defined in Downstate’s Misconduct Due Process Policy. As a result, the due process procedures required under the Misconduct Due Process Policy were triggered, but, unlike Downstate’s Academic Performance Due Process Policy, the Misconduct Due Process Policy *847 did not require Downstate to provide the petitioner with a letter of deficiency and an opportunity to cure.
Further, contrary to the petitioner’s contention, the denial of credit for a previously completed period of training is an authorized penalty under the Misconduct Due Process Policy (cf. Matter of Ram v Board of Health of Nassau County Health Dist., 216 AD2d 470, 471 [1995]; Matter of Brabham v Weinstein, 89 AD2d 566 [1982]).
Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Mastro, J.P., Chambers, Lott and Miller, JJ., concur.