Matter of Sokol v New York City Civ. Serv. Commn. (2019 NY Slip Op 01314)





Matter of Sokol v New York City Civ. Serv. Commn.


2019 NY Slip Op 01314


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


8463 160141/16

[*1]In re Sean Sokol, Petitioner-Appellant,
v
The New York City Civil Service Commission, et al., Respondents-Respondents.


Matthew Jeon, P.C., New York (Matthew Jeon of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Ingrid R. Gustafson of counsel), for respondents.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 11, 2017, denying the petition seeking, among other things, to annul respondents' determination that petitioner was not qualified for the position of police officer, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
"Wide discretion is afforded to civil service commissions in determining the fitness of candidates," and "[t]he exercise of that discretion is to be sustained unless it has been clearly abused" (Matter of Smith v City of New York , 228 AD2d 381, 383 [1st Dept 1996], lv denied 89 NY2d 806 [1997] [internal quotation marks omitted]). Petitioner fails to show that the finding that he was not qualified for the position of police officer was arbitrary and capricious or in bad faith (see Matter of Carchietta v Department of Personnel of City of N.Y. , 172 AD2d 304, 305 [1st Dept 1991]). The determination was rationally based on, among other things, petitioner's failure to meet the minimum grade point average as reflected on his official undergraduate transcript, and his inaccurate statements in application forms about his arrest and drug history (see e.g. Matter of Smith at 383; Matter of Carchietta at 305).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK