Matter of Coyle v Kampe (2020 NY Slip Op 04304)





Matter of Coyle v Kampe


2020 NY Slip Op 04304


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-09524
 (Index No. 185/18)

[*1]In the Matter of Robert Coyle, appellant, 
v
Karl Kampe, etc., respondent.


Robert J. Coyle, suing herein as Robert Coyle, Massapequa, NY, appellant pro se.
Jared A. Kasschau, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission dated October 18, 2017, which disqualified the petitioner from eligibility for a position as a Nassau County Police Officer, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Denise L. Sher, J.), entered June 6, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the respondent disqualifying the petitioner from eligibility for a position as a Nassau County Police Officer. In a judgment entered June 6, 2018, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Contrary to the petitioner's contention, the respondent's answer to the petition was timely (see CPLR 7804[c]). Moreover, the respondent properly denied the petitioner's request for disclosure of information pertaining to his disqualification (see Matter of Grossman v McMahon, 261 AD2d 54, 57-58).
An appointing authority has wide discretion in determining the fitness of candidates, and this discretion is particularly broad in the hiring of law enforcement officers, to whom high standards may be applied (see Matter of Rogan v Nassau County Civ. Serv. Commn., 91 AD3d 658). So long as the administrative determination is not irrational or arbitrary and capricious, this Court will not disturb it (see CPLR 7803[3]; Matter of Verme v Suffolk County Dept. of Civ. Serv., 5 AD3d 498, 498-499).
Here, the respondent's determination disqualifying the petitioner from eligibility for the position of police officer was neither irrational nor arbitrary and capricious (see Matter of Little v County of Westchester, 36 AD3d 616, 617; Matter of Carchietta v Department of Personnel of City of N.Y., 172 AD2d 304, 305; Matter of Metzger v Nassau County Civ. Serv. Commn., 54 AD2d 565, 566). Moreover, contrary to the petitioner's contention, the disqualification determination did not violate the Human Rights Law (see Executive Law § 296[15]; Correction Law §§ 750[5]; 752; [*2]Matter of Little v County of Westchester, 36 AD3d at 617).
Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court