Matter of Brown v County of Nassau (2023 NY Slip Op 01290)

Matter of Brown v County of Nassau

2023 NY Slip Op 01290

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2019-13233
2019-13234
 (Index No. 3688/17)

[*1]In the Matter of Anthony Brown, appellant,
v
County of Nassau, et al., respondents.

Law Offices of Louis D. Stober, Jr., LLC, Mineola, NY, for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert Van der Waag, Jackie L. Gross, and Samantha Goets of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission dated August 2, 2017, affirming its prior determination that the petitioner was not qualified for employment as a police officer, the petitioner appeals from (1) a judgment of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered January 23, 2018, and (2) an order of the same court entered July 29, 2019. The judgment denied the petition and dismissed the proceeding. The order denied the petitioner's motion for leave to reargue the petition.
ORDERED that the appeal from the order is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The petitioner passed the written portion of the Nassau County Police Officer Examination and was placed on eligibility List No. 2000. He was given a conditional offer of employment, depending on his successful completion of physical and psychological screenings, among other things. The petitioner was examined by a staff psychologist of the Nassau County Civil Service Commission (hereinafter the Commission), who found the petitioner to be a questionable candidate and recommended that he be referred for further psychiatric evaluation. Following a complete psychological screening, a staff psychiatrist concluded that the petitioner was not capable of performing the duties of a police officer. The Commission then disqualified the petitioner from eligibility for failure to meet the psychological requirements of the position.
The petitioner appealed the Commission's determination, submitting an independent evaluation by a psychiatrist, who disagreed in detail with the conclusions of the prior evaluators, and numerous letters of recommendation. Upon receipt of the appeal, the Commission referred the petitioner to another staff psychiatrist for an additional interview and review of his file. Following the assessment, that staff psychiatrist also concluded that the petitioner was not capable of performing the duties of a police officer. In a determination dated August 2, 2017, the Commission [*2]affirmed its original determination disqualifying the petitioner from eligibility. The Commission thereafter denied the petitioner's request for a further appeal of its determination.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the Commission's determination dated August 2, 2017. In a judgment entered January 23, 2018, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Initially, we note that the relief of reinstatement to the subject eligible list is no longer available to the petitioner. It is undisputed that the list has expired (see Civil Service Law § 56[1]; United States v Nassau County, EDNY, March 19, 2019, Seybert, J., index No. 77-CV-1881), and the "appointment of an individual from a constitutionally valid expired list violates article V, § 6 of the NY Constitution" (Matter of City of New York v New York State Div. of Human Rights, 93 NY2d 768, 774 [internal quotation marks omitted]; see Matter of Deas v Levitt, 73 NY2d 525, 531; Matter of Altman v Suffolk County Dept. of Civ. Serv., 165 AD3d 921, 922; Matter of Crociata v Cassano, 140 AD3d 751, 752). Nevertheless, in light of the conditional offer of employment given to the petitioner, and his request for back pay, we decline the respondents' request that we dismiss the appeal as academic (see Matter of Gross v Perales, 72 NY2d 231, 237; Matter of Altman v Suffolk County Dept. of Civ. Serv., 165 AD3d at 922; Hancock v City of New York, 272 AD2d 80, 81; cf. Matter of Trager v Kampe, 16 AD3d 426, 428).
On the merits, we conclude that the Supreme Court properly denied the petition and dismissed the proceeding. "An appointing authority has wide discretion in determining the fitness of candidates, and this discretion is particularly broad in the hiring of law enforcement officers, to whom high standards may be applied" (Matter of Coyle v Kampe, 185 AD3d 1028, 1028; see Matter of Rogan v Nassau County Civ. Serv. Commn., 91 AD3d 658, 658). "So long as the administrative determination is not irrational or arbitrary and capricious, this Court will not disturb it" (Matter of Coyle v Kampe, 185 AD3d at 1028; see CPLR 7803[3]; Matter of Verme v Suffolk County Dept. of Civ. Serv., 5 AD3d 498, 498-499). In determining whether a candidate is medically qualified to serve as a police officer, the appointing agency is "entitled to rely upon the findings of its own medical personnel, even if those findings are contrary to those of professionals retained by the candidate" (Matter of Thomas v Straub, 29 AD3d 595, 596; see Matter of Rivers v New York City Dept. of Sanitation, 49 AD3d 436, 436; Matter of Winnegar v County of Suffolk, 13 AD3d 382, 382). "It is not for the courts to choose between the diverse professional opinions. That is the function of the proper department heads and as long as they act reasonably and responsibly, the courts will not interfere" (Matter of Winnegar v County of Suffolk, 13 AD3d at 383 [internal quotation marks omitted]; see Matter of Pierce v DiNapoli, 137 AD3d 1349, 1351; Matter of Blau v New York State Off. of Victim Servs., 110 AD3d 991, 993).
Contrary to the petitioner's contention, the Commission was not required to determine that he was psychologically qualified for the position without any further psychological screening, merely because his scores on the Minnesota Multiphasic Personality Inventory II (MMPI-2) were in the acceptable range. Matter of McElligott v Nassau County Civ. Serv. Commn. (57 AD3d 671) does not mandate otherwise.
Additionally, the petitioner was not entitled to a further administrative appeal of the Commission's August 2, 2017 determination. The Commission did not rescind its prior disqualification decision and start the process anew. Rather, the Commission's August 2, 2017 determination that "the original notification of disqualification stands" was a determination of the petitioner's administrative appeal from the prior disqualification decision, made upon review of all of the medical reports.
Finally, the petitioner was not entitled to disclosure of the underlying psychological reports for review and challenge by his own expert in this proceeding (see Matter of Coyle v Kampe, 185 AD3d at 1028; Matter of Lopez v Port Auth. of N.Y. & N.J., 171 AD3d 500, 501; Matter of Grossman v McMahon, 261 AD2d 54, 57-58; Matter of O'Shaughnessy v New York State Div. of State Police, 202 AD2d 508, 509-511; Matter of Kotowski v Port Auth. of N.Y. & N.J., 2018 NY Slip Op 32134[U], *11 [Sup Ct, NY County], affd 172 AD3d 513). The Supreme Court was provided [*3]with sufficient material to be able to determine that the Commission's determination was not irrational or arbitrary and capricious (see Matter of County of Rockland v Town of Clarkstown, 128 AD3d 957, 958; see also Matter of Thomas v Straub, 29 AD3d at 596; Matter of Winnegar v County of Suffolk, 13 AD3d at 382-383).
Accordingly, we affirm the judgment denying the petition and dismissing the proceeding.
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court