Matter of Dellisanti v Suffolk County Police Dept. (2025 NY Slip Op 03808)

Matter of Dellisanti v Suffolk County Police Dept.

2025 NY Slip Op 03808

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-08233
 (Index No. 622791/21)

[*1]In the Matter of Jonathan M. Dellisanti, petitioner,
v
Suffolk County Police Department, et al., respondents.

Scott Michael Mishkin P.C., Islandia, NY, for petitioner.
Christopher J. Clayton, County Attorney, Hauppauge, NY (NancyLynn Thiele of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Department of Human Resources, Personnel, and Civil Service dated September 1, 2021. The determination affirmed its determination dated August 5, 2021, finding that the petitioner was not qualified for the position of police officer with the Suffolk County Police Department based on the result of a psychological evaluation.
ADJUDGED that the petition is granted, with costs, the determination dated September 1, 2021, is annulled, and the petitioner is reinstated as a candidate for the position of police officer with the Suffolk County Police Department, whereupon the Suffolk County Department of Human Resources, Personnel, and Civil Service may administer a new psychological evaluation.
The petitioner, a police officer with the New York City Police Department, sought employment as a police officer with the Suffolk County Police Department. Candidates for such employment are required to undergo a background investigation and pass a polygraph examination and a psychological evaluation, among other things. During the application process, the petitioner disclosed an "[u]ndetected criminal act[ ]"; specifically, that he had, on one occasion in 2016, patronized a prostitute while visiting Atlantic City. The petitioner also disclosed that fact during an interview with an investigator and passed a polygraph examination.
The petitioner then underwent a psychological evaluation. The psychological summary report completed after the evaluation contained a list of characteristics, such as "[d]efensiveness" and "[u]nrealistic self-appraisal," and a place for the evaluator to indicate whether any significant concern was noted. No significant concerns were noted on that portion of the psychological summary report, and the evaluator further concluded that "there was no evidence of a psychological impairment on interview or testing." Nevertheless, the evaluator concluded that the petitioner was not recommended for the position of police officer, citing the petitioner's failure to report the incident of prostitution during his psychological evaluation interview and the petitioner's general "defensive[ness]" in written and oral responses. In a determination dated August 5, 2021, the Suffolk County Department of Human Resources, Personnel, and Civil Service (hereinafter the [*2]Civil Service Department) found that the petitioner was not qualified for the position of police officer based on the result of the psychological evaluation.
The petitioner administratively appealed that determination. On the administrative appeal, he submitted two independent psychological evaluations and numerous letters of support, and appeared for a psychological evaluation appeal interview with a Psychological Appeal Committee (hereinafter the Appeal Committee) appointed by the Civil Service Department. In a report, the Appeal Committee acknowledged that after reviewing the materials from the initial evaluation, the members doubted whether there was sufficient evidence to support disqualification. To that point, the Appeal Committee noted that the initial evaluation "did not list a specific characteristic as an area of significant concern" and demonstrated that the petitioner had performed well in academic settings and had been working for the New York City Police Department. However, after the appeal interview, the Appeal Committee found no significant basis to overturn the original disqualification. The Appeal Committee emphasized the petitioner's failure to admit to the incident of prostitution until asked a direct question during the appeal interview. In a determination dated September 1, 2021, the Civil Service Department affirmed the initial determination finding that the petitioner was not qualified for the position of police officer.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination dated September 1, 2021. The respondents moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. The Supreme Court denied the motion and transferred the proceeding to this Court pursuant to CPLR 7804(g) on the ground that the petition raised a substantial evidence issue.
Initially, the Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804(g), since the challenged determination was not made after a quasi-judicial hearing and, therefore, did not raise a substantial evidence issue (see Matter of FCFC Realty LLC v Weiss, 192 AD3d 683, 684). Since the full administrative record is before us, we will decide the proceeding on the merits in the interest of judicial economy (see Matter of Abramovitz v Zoning Bd. of Appeals of the Inc. Vil. of Bellport, 194 AD3d 810, 811; Matter of FCFC Realty LLC v Weiss, 192 AD3d at 684).
"An appointing authority has wide discretion in determining the fitness of candidates, and this discretion is particularly broad in the hiring of law enforcement officers, to whom high standards may be applied" (Matter of Coyle v Kampe, 185 AD3d 1028, 1028; see Matter of Brown v County of Nassau, 214 AD3d 793, 795). "So long as the administrative determination is not irrational or arbitrary and capricious, this Court will not disturb it" (Matter of Coyle v Kampe, 185 AD3d at 1028; see Matter of Brown v County of Nassau, 214 AD3d at 795).
Here, however, the administrative record demonstrated that the challenged determination was arbitrary and capricious. After acknowledging that the initial evaluation did not appear to support disqualification despite the fact that the petitioner had failed to report the incident of prostitution during the evaluation interview and had demonstrated defensiveness and other identified characteristics, the Appeal Committee nevertheless concluded that the petitioner was not qualified based upon those same facts and observations. The Appeal Committee did not indicate that, contrary to the initial evaluation, psychological impairment had been found. It also did not explain whether or how characteristics that were noted by the initial evaluator but found not to be significant concerns were determined to be significant concerns. Under these circumstances, the determination to affirm the initial determination was irrational (see Matter of Villone v Nassau County Civ. Serv. Commn., 16 AD3d 591, 592; Matter of Mullen v County of Suffolk Police Dept., 307 AD2d 1036, 1037; cf. Matter of Winnegar v County of Suffolk, 13 AD3d 382).
We therefore grant the petition, annul the determination dated September 1, 2021, and reinstate the petitioner as a candidate for the position of police officer with the Suffolk County Police Department, whereupon the Civil Service Department may administer a new psychological evaluation.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court