Matter of Szlepcsik v County of Suffolk

2026 NY Slip Op 02408

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Sean Szlepcsik, appellant,

v

County of Suffolk, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-13011, (Index No. 615346/24)

Betsy Barros, J.P.

Paul Wooten

Janice A. Taylor

James P. McCormack, JJ.

Christian Killoran, Remsenburg, NY, for appellant.

Guercio & Guercio LLP, Farmingdale, NY (Adam I. Kleinberg and Connor Mulry of counsel), for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Department of Civil Service dated May 22, 2024, affirming its prior determination that the petitioner was not qualified for employment as a police officer, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated November 13, 2024. The order and judgment, in effect, granted the respondent's motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, denied the petition, and dismissed the proceeding.

ORDERED that the order and judgment is affirmed, with costs.

The petitioner sought employment as a police officer with the Suffolk County Police Department. Candidates for such employment are required to undergo a background investigation and pass a psychological evaluation, among other things. Based on the results of the petitioner's psychological evaluation, he was not recommended for the position, and the Suffolk County Department of Civil Service (hereinafter the Department) notified the petitioner that he had been found not qualified. The petitioner appealed the Department's determination, submitting an independent evaluation by a psychologist who disagreed with the conclusion of the Department's evaluator. Following an appeal interview, the Appeal Committee of the Department concluded that there was no significant evidence to reverse the disqualification. In a determination dated May 22, 2024, the Department affirmed its prior determination that the petitioner was not qualified for employment as a police officer. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the determination dated May 22, 2024. The County of Suffolk moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. In an order and judgment dated November 13, 2024, the Supreme Court, in effect, granted the County's motion, denied the petition, and dismissed the proceeding. The petitioner appeals.

"An appointing authority has wide discretion in determining the fitness of candidates, and this discretion is particularly broad in the hiring of law enforcement officers, to whom high standards may be applied" (Matter of Brown v County of Nassau, 214 AD3d 793, 795 [internal quotations marks omitted]; see Matter of Dellisanti v Suffolk County Police Dept., 239 AD3d 976, 978; Matter of Winnegar v County of Suffolk, 13 AD3d 382, 382). "So long as the administrative [*2]determination is not irrational or arbitrary and capricious, this Court will not disturb it" (Matter of Brown v County of Nassau, 214 AD3d at 795 [internal quotation marks omitted]; see Matter of Coyle v Kampe, 185 AD3d 1028). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Adirondack Wild: Friends of the Forest Preserve v New York State Adirondack Park Agency, 34 NY3d 184, 195 [internal quotation marks omitted]; see Matter of Underhill-Washington Equities, LLC v Division of Hous. & Community Renewal, 157 AD3d 705, 706). "If a determination is rational it must be sustained even if the court concludes that another result would also have been rational" (Matter of Adirondack Wild: Friends of the Forest Preserve v New York State Adirondack Park Agency, 34 NY3d at 195 [internal quotation marks omitted]; see Matter of Underhill-Washington Equities, LLC v Division of Hous. & Community Renewal, 157 AD3d at 706-707). "[I]n an article 78 proceeding, the reviewing court may not weigh the evidence, choose between conflicting proof, or substitute its assessment of the evidence or witness credibility for that of the administrative factfinder" (Matter of Bennett v Zoning Bd. of Appeals of Vil. of Sagaponack, 170 AD3d 716, 717; see Matter of Brown v County of Nassau, 214 AD3d at 796; Matter of Winnegar v County of Suffolk, 13 AD3d at 383).

Here, the Supreme Court properly concluded that the Department's determination disqualifying the petitioner from eligibility for the position of police office was neither irrational nor arbitrary and capricious (see Matter of Brown v County of Nassau, 214 AD3d at 795-796; Matter of Coyle v Kampe, 185 AD3d at 1028; Matter of Winnegar v County of Suffolk, 13 AD3d at 382-383). "In determining whether a candidate is medically qualified to serve as a police officer, the appointing agency is 'entitled to rely upon the findings of its own medical personnel, even if those findings are contrary to those of professionals retained by the candidate'" (Matter of Brown v County of Nassau, 214 AD3d at 795, quoting Matter of Thomas v Straub, 29 AD3d 595, 596; see Matter of Winnegar v County of Suffolk, 13 AD3d at 383). "It is not for the courts to choose between the diverse professional opinions. That is the function of the proper department heads and as long as they act reasonably and responsibly, the courts will not interfere" (Matter of Brown v County of Nassau, 214 AD3d at 796 [internal quotation marks omitted]; see Matter of Winnegar v County of Suffolk, 13 AD3d at 383). Here, the Department was entitled to rely upon the findings of its own personnel in determining the petitioner's psychological fitness for employment, even if those findings were contrary to those of the petitioner's psychologist, and, contrary to the petitioner's contention, "it [wa]s not for the court[ ] to choose between the diverse professional opinions" (Matter of Brown v County of Nassau, 214 AD3d at 796 [internal quotation marks omitted]; see Matter of Thomas v Straub, 29 AD3d at 596).

The petitioner's remaining contention is without merit.

Accordingly, the Supreme Court properly, in effect, granted the County's motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, denied the petition, and dismissed the proceeding.

BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court